PAUGH, APPELLANT, *v.* FAIR, APPELLEE.

(No. 83AP-881—Decided March 27, 1984.)

*Mr. Jerry L. McHenry,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. William H. Jones* and *Mr. Jeffrey M. Lewis,* for appellee.

NORRIS, J. Plaintiff, Hugh C. Paugh, appeals from a decision of the trial court dismissing his complaint on the ground that it was barred by the statute of limitations.

Plaintiff filed this action on December 1, 1982, alleging bodily injury and damage to personal property stemming from an automobile accident which occurred on March 1, 1980.

Defendant, Craig Fair, filed an answer and a Civ. R. 12(B)(6) motion to dismiss on the ground that the plaintiff's claim was barred by the two-year statute of limitations found in R.C. 2305.10. In response, plaintiff argued,

as he does in this appeal, that the running of the statute of limitations was suspended by the operation of R.C. 2305.16, during the period of his imprisonment on criminal charges, from October 1981 until August 1982. The trial court disagreed with plaintiff, sustained defendant's motion, and dismissed the complaint.

In support of his appeal, plaintiff raises one assignment of error:

"The Appellant asserts that the Trial Court as a matter of law improperly dismissed his complaint on the basis that it was filed after the expiration of the statute of limitations and was hence time barred."

R.C. 2305.16 provides, in part:

"Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues * * * imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. * * *

"After the cause of action accrues, if the person entitled to bring such action becomes of unsound mind * * * or is confined in an institution or hospital under a diagnosed condition or disease which renders him of unsound mind, the time during which he is of unsound mind * * * or so confined shall not be computed as any part of the period within which the action must be brought."

Under the clear language of the statute, the savings provision does not operate to suspend the statute of limitations where a party's imprisonment commences after the cause of action accrues. See *Pennell* v. *Tyack* (Aug. 2, 1977), Franklin App. No. 77AP-42, unreported; Annotation, Imprisonment of Party to Civil Action as Tolling Statute of Limitations (1977), 77 A.L.R. 3d 735, at 752. The second paragraph of the statute specifically provides for the only circumstances under which operation of the statute of limitations will be suspended during a period of disability which commences after the cause of action accrues.

The cause of action accrued and the statute of limitations began to run on the date of the automobile accident, March 1, 1980. Pursuant to R.C. 2305.10, plaintiff had until March 1, 1982 to bring his action. Nothing in R.C. 2305.16 suspended the running of the statute of limitations in this case as plaintiff was not imprisoned until October 1981, some nineteen months after his cause of action accrued. Accordingly, the trial court properly dismissed plaintiff's complaint.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.