Michael WILLIAMS, et al., Plaintiffs,

v.

DAYTON POLICE DEPARTMENT, et al., Defendants.

No. C3-85-957.

United States District Court, S.D. Ohio, W.D.

June 10, 1987.

---

Kenneth R. Pohlman, Asst. Pros. Atty., A. Mark Segreti, Jr., Dayton, Ohio, for defendants Sheriff's Dept., Daniels, Casey and Dillon.

Stanley S. Phillips, Roger B. Turrell, Dayton, Ohio, for defendants Gentry and Clemmer.

Scott E. Smith, Jay McKirahan, Columbus, Ohio, for plaintiffs.

Neil F. Freund, Dayton, Ohio, for defendants Dayton Police Dept., Dayton Police Organized Crime Unit, Dalrymple, Reynolds and Rice.

## DECISION AND ENTRY OVERRULING THE MOTION TO DISMISS OF THE COUNTY DEFENDANTS IN ITS ENTIRETY (DOC. # 11) AND SUSTAINING IN PART AND OVERRULING IN PART THE MOTION OF THE CITY OF DAYTON DEFENDANTS TO DISMISS (DOC. # 10); DECISION AND ENTRY DECLARING THE CITY OF DAYTON DEFENDANTS' MOTION TO STAY DISCOVERY TO BE MOOT (DOC. # 19); PLAINTIFFS TO FILE AMENDED COMPLAINT WITHIN FOURTEEN (14) DAYS; OBSERVATIONS OF COURT; CONFERENCE CALL SCHEDULED

RICE, District Judge.

Before the Court are two Motions to Dismiss. Counsel for the City of Dayton, Dayton Police Department, Dayton Police Organized Crime Unit, Officers Reynolds, Dalrymple, Gentry, Rice and Clemmer has filed a Motion to Dismiss the Complaint based upon three grounds, to wit: that the Plaintiffs have failed to establish *in personam* jurisdiction, that the Plaintiffs' claim is barred by the applicable statute of limitations, and that the Plaintiffs have failed to state a claim upon which relief can be granted, said motion filed pursuant to Fed.R.Civ.P. 12(b)(2), (5), and (6). (Doc. # 10). Counsel for the Montgomery County Sheriff's Department, and Deputy Sheriffs Dillon, Daniels, and Casey, has/have also moved that the captioned cause be dismissed for failure to state a claim upon which relief can be granted, said motion filed pursuant to Fed.R.Civ.P. 12(b)(6). (Doc. # 11).

Because both Motions to Dismiss deal essentially with the same overriding issue, that the Plaintiffs' cause is barred by the applicable statute of limitations, the Court will address both Motions to Dismiss in this single entry. For the following reasons, the Court finds that the captioned cause is not barred by the statute of limitations. Therefore, the Motion to Dismiss of the County Sheriff's Department and Deputy

Sheriffs (Doc. #11) must be overruled in its entirety, and the Motion of the City of Dayton Defendants must be overruled on *this* ground, but, as will be discussed below, sustained, insofar as the Dayton Police Department and the Dayton Organized Crime Unit are concerned, upon another ground.

Plaintiffs have brought this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988, alleging that illegal surveillance equipment was used by the Defendants which led to an illegal search and seizure, the illegal arrest of the Plaintiff Michael Williams, and, ultimately, in the wrongful conviction and imprisonment of Williams on the charge of Aggravated Trafficking in Drugs. The Plaintiffs further allege that during Williams' criminal trial,[1] the Defendants, through counsel and/or sworn testimony, denied using said illegal surveillance. On November 25, 1985, Williams' conviction was vacated by the Honorable Robert M. Brown of the Common Pleas Court of Montgomery County. In vacating the conviction, Judge Brown wrote that he was

> led unalterably to the conclusion that illegal electronic devices were employed by certain law enforcement personnel involved in the events leading up to the arrest of these two defendants. That conduct tainted the entire proceedings. The intelligence garnered in that method of procedure was inextricably intertwined in the course of events leading to the arrest and conviction of [Williams].

On December 31, 1985, the Plaintiffs filed their Complaint in this Court, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1343.

DISCUSSION

The parties are in agreement that the Sixth Circuit's decision in *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985), is controlling in this case. In *Mulligan*, the Sixth Circuit applied *Wilson v. Garcia*,[2] 471 U.S.

261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), retroactively to cases already filed but not decided prior to *Wilson* and established the one year limitations period found in Ohio Revised Code § 2305.11 as the applicable statute of limitations for § 1983 actions brought in Ohio. The parties disagree, however, as to when the Plaintiffs' cause of action accrued under § 2305.11, so as to begin the running of the one year limitations period.

The Defendants argue that the Plaintiffs' cause of action accrued on November 4, 1981, the date on which Williams was convicted. Since the Plaintiffs' Complaint was not filed in this Court until December 31, 1985, the Defendants argue that more than one year elapsed from the time the cause of action accrued and the filing of the Complaint and that, therefore, this action is barred by the applicable statute of limitations.

■ In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the court must construe the facts as alleged by the plaintiff as true, and only dismiss the Complaint if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The uniformly accepted rule is that a defendant may, by way of a Rule 12(b)(6) motion, raise the affirmative defense that the plaintiff's cause of action is barred by the statute of limitations. *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir.1978). However, a motion to dismiss on the basis of an affirmative defense can be granted only where the defense appears valid from the face of the Complaint alone. *Rauch, supra; see also Basile v. Merrill Lynch, Pierce, Fenner & Smith*, 551 F.Supp. 580, 591 (S.D. Ohio 1982).

---

**1.** The Plaintiffs' Complaint refers to the trial of Michael Williams as occurring in May, 1985. This, the Court believes, is a typographical error, the correct date being at sometime during the year 1981.

**2.** In *Wilson v. Garcia,* the Supreme Court held that, as a matter of law, § 1983 actions should be characterized as personal injury actions for the purpose of determining the applicable statute of limitations.

The Plaintiffs' Complaint alleges the following relevant facts which have significance to the statute of limitations issue:

(a) that on or about March 8, 1981, Plaintiff Michael Williams was unlawfully arrested and imprisoned pursuant to an illegal search and seizure conducted by the Defendants;

(b) that the Defendants employed illegal electronic surveillance equipment in order to obtain the Plaintiff's arrest and conviction;

(c) that on or about May, 1985 [sic][3], during the Plaintiff's criminal trial, several of the Defendants through counsel and/or sworn testimony denied using electronic surveillance equipment; and

(d) that on November 11, 1985, it was determined by Judge Robert M. Brown of the Common Pleas Court of Montgomery County that the Plaintiff's arrest was without lawful authority and that the Indictment was dismissed with prejudice. A written decision vacating the conviction was filed November 25, 1985.

From the face of the Complaint alone, it is clear that the Defendants' Motions to Dismiss on the ground that the statute of limitations has expired must be overruled. As mentioned previously, the Defendants argue that the cause of action accrued on the date of the Plaintiff's conviction. Accepting the facts as pleaded by the Plaintiff as true, however, the Plaintiff's criminal trial occurred in May, 1985. If the Plaintiffs' cause of action accrued at the time of conviction, and Williams' conviction occurred after his May, 1985, trial, the Complaint was timely when filed December 31, 1985. Thus, *from the face of the Complaint alone,* the Defendants' Motion to Dismiss on the basis of the statute of limitations must be overruled.

It is apparent, however, that the alleged trial date as pleaded in the Complaint is in error. The Plaintiffs' Memorandum Contra the Defendants' Motions to Dismiss implicitly recognizes the Plaintiff's date of con-

viction as November 8, 1981. *See* Doc. # 14, p. 3. Thus, it is the Order of this Court that the Plaintiffs file an Amended Complaint, within 14 days from the date of receipt of this Decision, setting forth the events giving rise to the Plaintiffs' claim as well as the correct dates. In addition, the Plaintiffs' Amended Complaint must, within the body of the Complaint, clearly name the City of Dayton and the County of Montgomery as Defendants.[4]

Assuming that the Plaintiffs file their Amended Complaint, and assuming that the Defendants renew their Motions to Dismiss based upon statute of limitations grounds, the following represents this Court's observations regarding the statute of limitations issue.

In *Sevier v. Turner,* 742 F.2d 262 (6th Cir.1984), the Court of Appeals for the Sixth Circuit addressed the accrual of the statute of limitations in a § 1983 action and held that

> [a]lthough state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run. *The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action.* A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.

*Id.* at 272–73 (citations omitted) (emphasis added). *See also Keating v. Carey,* 706 F.2d 377 (2d Cir.1983) (Under federal law, the statute of limitations does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action); *Cline v. Brusett,* 661 F.2d 108 (9th Cir. 1981) (§ 1983 action brought against state officials for allegedly conspiring to convict a plaintiff on groundless charges accrued on the date of conviction, as that date rep-

---

**3.** See footnote 1, *supra.*

**4.** The present Complaint, both in its caption and within the body of the Complaint, is unclear as to whether the governmental entities themselves

are named as parties Defendant or whether only the departments and employees of same are the named Defendants.

resented the latest date by which the plaintiff knew or had reason to know of the injury which was the basis of his cause of action; the instant case is distinguishable from *Cline* in that the Plaintiffs herein allege that the use of illegal electronic surveillance was deliberately concealed from them and its existence was undetectable even through the exercise of due diligence, whereas the plaintiff in *Cline* should have been aware at the time of his trial that the charges brought against him were groundless); *Rubin v. O'Koren,* 621 F.2d 114 (5th Cir.1980) (Plaintiff's cause of action for a violation of her civil rights stemming from her discharge from employment accrued upon her last day of employment, as that date represented the date that she knew or should have known of her injury). Thus, the Plaintiffs' claim accrued in this case on the date that they discovered or should have discovered the alleged violation of their civil rights.

The Plaintiffs contend that the statute of limitations began to run, at the earliest, in early January, 1985, when they discovered through newspaper accounts that illegal surveillance may have been used to convict Michael Williams, and that their suspicions were not confirmed until November 25, 1985, when the conviction was vacated. Thus, the Plaintiffs argue, the statute of limitations began to run, at the very earliest, in January, 1985 and therefore their claim, having been filed on December 31, 1985, is not barred by said statute. It is the very nature of the Plaintiffs' claim that they were unaware of the use of the illegal surveillance, and that it was deliberately concealed from them. Indeed, if Williams had been aware of the illegal surveillance at the time of trial, and had it been brought to light at that time, it is doubtful that he could have been convicted.

A related argument which may be advanced by the Plaintiffs in support of their position is that their cause is not barred by the statute of limitations because of the doctrine of fraudulent concealment. A statute of limitations period may be tolled by fraudulent concealment on the part of the Defendants. If the Plaintiffs can demonstrate the elements of fraudulent con-

cealment on the part of the Defendants, the statute of limitations time period would not begin to run until the fraudulent concealment ended. "In order to prove fraudulent concealment, plaintiff must show that he failed to discover facts that serve as the basis of his cause of action despite due diligence on his part to discover the facts, and that the concealment was fraudulently committed by the party or parties sought to be held responsible by the plaintiff." *Shapiro v. Cook United, Inc.,* 762 F.2d 49, 51 (6th Cir.1985). However, "an injured party has a positive duty to use diligence in discovering his cause of action within the limitations period. Any fact that should excite suspicion is the same as actual knowledge of his entire claim. Indeed, 'the means of knowledge are the same thing as knowledge itself.'" *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir.1975) (*quoting Wood v. Carpenter,* 101 U.S. (11 Otto) 135, 143, 25 L.Ed. 807 (1879)).

Accordingly, if the Plaintiffs intend to rely upon the doctrine of fraudulent concealment, their Amended Complaint must plead with particularity the circumstances giving rise to fraudulent concealment. Fed.R.Civ.P. 9(b).

> Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the Defendants; (2) failure of the Plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) Plaintiff's due diligence until discovery of the facts.

*Campbell v. Upjohn Co.,* 676 F.2d 1122, 1126 (6th Cir.1982).

Finally, Ohio Revised Code § 2305.16 *may* serve to toll the statute of limitations. Under 2305.16, "if a person entitled to bring any action mentioned in such sections [including § 2305.11], ... is, at the time the cause of action accrues, ... imprisoned ... such person may bring it within the respective times limited by such sections after such disability is removed." In actions brought under § 1983, state tolling statutes apply where the most nearly analogous state statute of limitations is

borrowed, to the extent that the tolling provisions are not inconsistent with the federal policy underlying § 1983. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 484–85, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980).

■ However, the Plaintiff's imprisonment tolls the statute of limitations only when the Plaintiff is imprisoned at the time the cause of action accrues. Under the clear language of the statute, the savings provision does not operate to suspend the statute of limitations where a party's imprisonment commences after the cause of action accrues. *Paugh v. Fair*, 16 Ohio App.3d 128, 474 N.E.2d 653 (1984); *Hibbett v. City of Cincinnati*, 4 Ohio App.3d 128, 446 N.E.2d 832 (1982). Nor will § 2305.16 operate to toll the statute of limitations for time spent released on bail, since a plaintiff released on bail is not denied access to counsel, nor is he hindered from investigating the facts concerning his claim or from starting suit on his own behalf. *Jones v. Shankland*, 800 F.2d 77 (6th Cir.1986).

Thus, if Michael Williams was imprisoned at the time that the cause of action accrued, the statute will have been tolled until such time as he was released from custody. Should the Plaintiffs wish to rely upon § 2305.16 to toll the statute of limitations, their Amended Complaint should clearly and accurately set forth the dates during which Williams was imprisoned.

■ There are two final matters to be addressed. The Dayton Police Department and the Dayton Police Organized Crime Unit contend that they should be dismissed as parties on the ground that they are not *sui juris*. The Defendants' argument is well founded. The Dayton Police Department and Dayton Police Organized Crime Unit are sub-units of the city government and are merely vehicles through which the city fulfills its policing functions. *Shelby v. City of Atlanta*, 578 F.Supp. 1368 (N.D. Ga.1984); *Elam v. Montgomery County*, 573 F.Supp. 797 (S.D.Ohio 1983). As such, they are not proper party defendants, and

the Plaintiffs' claims against the Police Department and Organized Crime Unit are hereby dismissed. Assuming that the Plaintiffs' Amended Complaint properly sets forth the City of Dayton as a Defendant, the City of Dayton will remain as a defendant in this action.[5]

Counsel for the City of Dayton Police Officers also assert that the Plaintiffs failed to effect proper service of process upon Officers Reynolds, Dalrymple, Gentry, Clemmer and Rice as required by Fed. R.Civ.P. 4. However, the Plaintiffs, by means of a photocopy of the certified mail receipts attached to their Memorandum Contra (Exh. A, Doc. # 14), have demonstrated that each of the above named Defendants was served by certified mail on or before March 13, 1986. Accordingly, the Defendants' Motion to Dismiss on the ground that this Court lacks personal jurisdiction over those parties is hereby overruled.

The City of Dayton Defendants' Motion to Stay Discovery until after this Court's rulings on the aforesaid motions (Doc. # 19) is deemed to be moot.

CONCLUSION

In sum, the Montgomery County Defendants' Motion to Dismiss is overruled in its entirety (Doc. # 11). The City of Dayton Defendants' Motion to Dismiss on the ground that the statute of limitations expired prior to the filing of the Complaint is overruled. The City of Dayton Defendants' Motion to Dismiss the City of Dayton Police Department and the Dayton Police Organized Crime Unit on the basis that they are not entities subject to suit is sustained. However, the City of Dayton Defendants' Motion to Dismiss various police officers on the ground that this Court lacks jurisdiction over those officers is overruled (Doc. # 10). The Plaintiffs are directed to file an Amended Complaint within 14 days of receipt of this Decision. Nothing contained in this Decision, however, is meant to prejudice any position taken by the Montgomery County Defendants in their motion for judgment on the pleadings (Doc.

---

**5.** See footnote 4, *supra.*

# 25) or any position taken by any party in any other pending or subsequently filed motion.

Counsel listed below will take note that a telephone conference call will be had at 1:15 p.m. on Tuesday, June 16, 1987, for the purpose of discussing the status of this case.