[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 318.]

STRIEF, APPELLANT, *v.* CITY OF CINCINNATI, APPELLEE, ET AL.

[Cite as Strief v. Cincinnati, 1995-Ohio-192.]

*Municipal corporations—Torts—Limitations on damages awarded—"Benefit" as used in R.C. 2744.05(B) does not include monies advanced to an injured party by a union benefit plan that must be reimbursed from a subsequent judgment pursuant to a subrogation agreement between the injured party and the plan.*

(No. 93-2507—Submitted March 22, 1995—Decided June 14, 1995.)

APPEAL from the Court of Appeals for Hamilton County, No. C-920681.

———————————

{¶ 1} Appellant Gail Strief sued the city of Cincinnati, the owner of a commercial building, and others when she was injured after falling on a public sidewalk in front of the building. Following arbitration, the trial court awarded Strief $14,300 from the city and $5,500 from the owner of the building and its agent.

{¶ 2} The city moved for disclosure and deduction of all present and future collateral benefits received by Strief related to her fall. Strief responded that she was paid $1,395.39 by her union benefit plan for medical expenses and disability pay for the time she was unable to work, but that payment was not a collateral benefit because a right of subrogation with the union's insurer required her to reimburse the benefit plan from any recovery she received against a third party. The city contended that the monies advanced to Strief under the plan were a collateral benefit that should be set off against the judgment pursuant to R.C. 2744.05(B). The trial court denied the city's request to deduct the $1,395.39 from the damage award and entered judgment for Strief.

**{¶ 3}** The court of appeals reversed the trial court's judgment and remanded the cause, holding that the payment to Strief constituted a benefit as that term is used in R.C. 2744.05(B).

**{¶ 4}** The cause is now before this court pursuant to the allowance of a motion to certify the record.

————————————

*David J. Boyd*, for appellant.

*Fay D. Dupuis*, City Solicitor, and *Mark S. Yurick*, Assistant City Solicitor, for appellee.

————————————

**MOYER, C. J.**

**{¶ 5}** The issue presented is whether the word "benefits" as used in R.C. 2744.05(B) includes monies advanced to an injured party by a union benefit plan that must be reimbursed from a subsequent judgment pursuant to a subrogation agreement between the injured party and the plan. We reverse the judgment of the court of appeals.

**{¶ 6}** The collateral source setoff provision of R.C. 2744.05(B) states:

"If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. * * *"

**{¶ 7}** In *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181, 182, we identified the dual purpose of R.C. 2744.05(B). First, "[i]t conserves the fiscal resources of political subdivisions by limiting their tort liability. Secondly, it permits injured persons, who have no source of reimbursement for their damages, to recover for a tort committed by the political subdivisions." *Id.* at 29, 550 N.E.2d at 182. We observed that the General

Assembly could have extended sovereign immunity to all tort claims made against a political subdivision, but instead merely "carved out limited classifications in response to reasonable concerns." *Id*. at 29, 550 N.E.2d at 182-183.

{¶ 8} In *Vogel v. Wells* (1991), 57 Ohio St.3d 91, 566 N.E.2d 154, we were required to determine what funds fall within the scope of "benefits" under R.C. 2744.05(B). We observed that "[t]he term 'benefits' is nowhere defined in the statute. However, a benefit has been defined elsewhere as '[f]inancial assistance received in time of sickness, disability, unemployment, etc. either from insurance or public programs such as social security.' Black's Law Dictionary (6 Ed.1990) 158." *Id.* at 98, 566 N.E.2d at 161.

{¶ 9} This court revisited the scope of the term "benefits" under R.C. 2744.05(B) in *Rogers v. Youngstown* (1991), 61 Ohio St.2d 205, 574 N.E.2d 451, where we held that money advanced to a police officer by the Fraternal Order of Police ("FOP") to cover his legal expenses when the city wrongfully refused to defend him did not constitute "benefits" under R.C. 2744.05(B). Because the police officer was obligated to repay the FOP out of any award against the city, we reasoned that "[w]hat the city characterizes as a benefit is actually nothing more than a conditional loan[,]" and held that the advanced money should not be deducted from the judgment against the city. *Id.* at 210, 574 N.E.2d at 455.

{¶ 10} In the instant case, Strief received the $1,395.39 advance from her union benefit plan, of which $548.59 was paid directly to her and the rest to medical providers on her behalf. The plan, however, has subrogation rights against Strief and is entitled to be reimbursed the full amount of the benefits paid to Strief. If Strief were required to repay the benefit plan and also have the amount deducted from the award against the city, she would in fact be paying that portion of her medical costs and disability benefits twice, and the city would escape that portion of its liability to Strief. Although such a practice would conserve the fiscal resources of the city, it would also prevent an injured person, who has no other

sources of insurance, from fully recovering for an injury. Consistent with our decision in *Rogers*, Strief's receipt of $1,395.39 from her union benefit fund is not a "benefit" to be set off by the city under R.C. 2744.05(B); instead, it is in the nature of a "conditional loan" paid to Strief contingent upon a successful recovery against the third-party tortfeasor.

{¶ 11} For the foregoing reasons, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____