Doug HALL, et al., Plaintiffs,

v.

The CITY OF COLUMBUS,
et al., Defendants.

WAUSAU INSURANCE COMPANY,
Plaintiff,

v.

CITY OF COLUMBUS,
et al., Defendants.

CIV. A. Nos. 2:96–CV–068, 2:96–CV–094.

United States District Court,
S.D. Ohio,
Eastern Division.

April 14, 1998.

Mark G. Arnzen, Arnzen Parry & Wentz PSG, Covington, KY, Gerald Scott Leeseberg, Leesberg Maloon Schulman & Valentine, Columbus, OH, Douglas Paul Holthus, Reminger & Reminger Co., L.P.A., Columbus, OH, for Plaintiff Doug Hall.

Douglas Paul Holthus, Reminger & Reminger Co., L.P.A., Columbus, OH, for Plaintiff Wausau Ins. Co.

Patricia A. Delaney, Columbus City Atty's Office, Columbus, OH, Glenn Brooks Redick, Elizabeth C. Burke, City Atty's Office, Columbus, OH, for Defendant.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is the result of two cases being consolidated. In Case No. 96–CV–068, Plaintiffs, Doug and Donna Hall brought claims of negligence and loss of consortium against Defendants, City of Columbus, the Water Division of the City of Columbus, and Kathleen Taylor, an employee of the Water Division of the City of Columbus.[1] In Case No. 96–CV–094, Plaintiff Doug Hall Inc., Doug Hall's employer, brought the same claims against the same Defendants, and also asserted a right to compensation from Defendants under a Kentucky state subrogation statute. The cases were consolidated, and an Amended Complaint was filed naming Wausau Insurance Company in place of Doug Hall, Inc. as the proper plaintiff against the Defendants, and adding a Cross–Claim by Wausau against Doug Hall for unjust enrichment, subrogation, and a declaration of a lien should Hall recover any damages from Defendants. Third–Party Defendant, Doug Hall, failed to answer Wausau's Cross–Claim.

Before the Court is Defendants' Motion to Dismiss Amended Complaint in Case No. 96–94 (doc. 27), and Defendants City of Columbus Water Division and Kathy Taylor's Motion to Dismiss Amended Complaint in Case No. 96–68 (doc. 29). Both Motions have been

---

1. Plaintiffs also brought claims of negligence and strict liability based upon the defective design, manufacture and installation of a product which allegedly caused injuries to Doug Hall against certain unnamed unknown employees of the Water Division of the City of Columbus, John Doe Defendants 1–20.

fully briefed. This Court has jurisdiction under 28 U.S.C. § 1332 based upon complete diversity among the parties. This Court has considered both the pleadings and the briefs.

## II. ANALYSIS

In addressing a motion to dismiss based upon Fed. R. Civ. Pro. 12(b)(6), the Court must determine whether, accepting all of Plaintiffs' allegations as true, it is beyond doubt that Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D.Ohio 1993) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, the factual allegations of the complaint must not only be presumed true, but also liberally construed in favor of the plaintiff. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, p. 304 (1990). The plaintiff is entitled to all favorable inferences which may be drawn from those allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

Defendants move to dismiss all the claims against the Water Division of the City of Columbus because it is merely an administrative vehicle by which the City of Columbus operates and performs its functions, and therefore, it lacks the capacity to be sued. *See, e.g., Williams v. Dayton Police Dept.*, 680 F.Supp. 1075 (S.D.Ohio 1987); *State, ex rel. Cleveland Municipal Court v. Cleveland City Council*, 34 Ohio St.2d 120, 296 N.E.2d 544 (1973). Plaintiffs do not dispute this contention, and do not oppose such a dismissal. Therefore, the City of Columbus, Water Division is hereby **DISMISSED** as a Defendant to these proceedings.

■ Defendants also move to dismiss all the claims against Defendant Kathy Taylor because Ohio Rev.Code § 2744.03(A)(6) clothes her with immunity from liability for her negligence, with limited exceptions. This statute reads:

> In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

> (a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

> (b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

> (c) Liability is expressly imposed upon the employee by a section of the Revised Code.

Ohio Rev.Code Ann. § 2744.03(A)(6) (1994). Plaintiffs' Amended Complaint alleges that Taylor was negligent while acting within the scope and course of her employment at the plant. Defendants admit the latter half of that allegation in their Answer. Thus, Plaintiffs' Complaint fails to allege any facts or circumstances falling within any of the exceptions to immunity set forth above. Pursuant to O.R.C. § 2744.03(A)(6), Taylor is clearly entitled to immunity from suit.

Plaintiffs argue that the City could raise the defense at trial that Taylor was acting outside the scope and course of her employment, and thus the issue is one for the fact finder. However, Plaintiffs' argument ignores the fact that the City has already admitted in its Answer that Taylor was acting within the scope and course of her employment. Further, Plaintiff's argument misconstrues the nature of a Rule 12(b)(6) motion, which is based solely on the pleadings, and operates to test the sufficiency of the Complaint. Plaintiffs' Amended Complaint alleges no facts showing that Taylor was acting outside the scope of her employment, or with malicious purpose. On the contrary, the Complaint alleges that she was acting within the scope and course of her employment. Thus, under R.C. § 2744.03(A)(6), Taylor is entitled to immunity from suit, and she is hereby **DISMISSED** as a Defendant from this action.

■ Finally, Defendant City of Columbus moves to dismiss the subrogation claim of Wausau Insurance Company against the City of Columbus because it argues that the claim is barred by Ohio R.C. § 2744.05(B). That statute provides in part:

> (B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of

insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits....

Ohio Rev.Code Ann. § 2744.05(B) (1994).[2] Sitting in diversity, this Court must apply Ohio law. *See Erie v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Ohio statutory and decisional law, Plaintiff Wausau's subrogation claim against the City is clearly barred. *See Menefee v. Queen City Metro*, 49 Ohio St.3d 27, 550 N.E.2d 181 (1990).[3]

Plaintiff Wausau's argument that the Ohio Supreme Court, in *Strief v. City of Cincinnati*, 72 Ohio St.3d 318, 649 N.E.2d 1227 (1995), mandated an exception to the doctrine of sovereign immunity when the plaintiff is required to reimburse benefits received is not well taken. The *Strief* decision addressed only whether monies advanced by a union benefit plan, which had to be reimbursed, should be deducted from an award against a political subdivision. *Id. Strief* did not alter O.R.C. § 2744.05(B)'s barring effect on subrogation claims against political subdivisions for worker's compensation benefits and the like. *See, e.g., Buchman v. Wayne Trace Local School Dist. Bd. of Edn.*, 73 Ohio St.3d 260, 652 N.E.2d 952 (1995) (social security and Medicare benefits). Thus, Plaintiff Wausau's subrogation claim against the City of Columbus is hereby DISMISSED.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Amended Complaint in Case No. 96–94 (doc. 27) is hereby **GRANTED,** and Defendants City of Columbus Water Division and Kathy Taylor's Motion to Dismiss Amended Complaint in Case No. 96–68 (doc. 29) is hereby **GRANTED.** This case will proceed to trial by jury on the issue of liability on April 20, 1998 on the remaining claims by Doug and Donna Hall against the City of Columbus. Further, Plaintiffs are **ORDERED** to **SHOW CAUSE** why the John Doe defendants should not be dismissed, without prejudice, under Rule 4(m), Fed.R.Civ.P. for failure to serve summons and complaint on them within 120 days after the complaint was filed.

**IT IS SO ORDERED.**

---

2. This statute has since been amended, effective 1–27–97. But since this action commenced prior to that date, the prior version of the statute in effect at that time is applicable.

3. While Plaintiffs Wausau does not contest the constitutionality of the statute, this Court is aware of the decisions in *Greyhound Food Management, Inc. v. City of Dayton*, 653 F.Supp. 1207 (S.D.Ohio 1986), *aff'd*, 852 F.2d 866 (6th Cir. 1988), where the trial court concluded that the retroactive application of O.R.C. § 2744.05(B) was an unconstitutional deprivation of equal protection of the laws in violation of the fourteenth amendment, and the appeals court affirmed, but failed to comment on that particular conclusion. However, the later *Menefee* decision by the Ohio Supreme Court clarified the constitutionality of the statute under Ohio law, which this Court is bound to follow in a diversity case under *Erie*. And the *Greyhound* decision under federal law appears to be limited to the retroactive aspect of the statute, which is not at issue in this case. In any event, since Plaintiff failed to raise the issue of the statute's constitutionality, that argument has been waived.