AMERICAN NATIONAL FIRE
INSURANCE COMPANY,
Plaintiff,

v.

FINNEYTOWN CONTRACTING,
et al., Defendants.

No. C–1–92–0765.

United States District Court,
S.D. Ohio, W.D.

June 14, 1993.

---

Kevin Murphy, Covington, KY, for plaintiff.

Douglas King, John Williams, Cincinnati, OH, for defendants.

## ORDER

CARL B. RUBIN, District Judge.

This matter is before the Court on the Motion of Defendant City of Cincinnati for Summary Judgment (doc. 16) and upon a response thereto filed by the Plaintiff (doc. 19). For the reasons set forth below the motion is granted in part and denied in part.

## OPINION

The issue involved concerns a statute of the State of Ohio identified as 2744.05(B) of the Ohio Revised Code. That section provides in part as follows:

No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits....

The Plaintiff is an insurance company who brings this action as a subrogee and the City of Cincinnati is a political subdivision.

The Supreme Court of Ohio has had occasion to consider § 2744.05(B) and has determined that it is constitutional. *Menefee v. Queen City Metro,* 49 Ohio St.3d 27, 550 N.E.2d 181 (1990). Specifically, the Supreme Court of Ohio held that Ohio Revised Code § 2744.05(B) is "a constitutional exercise of legislative authority because its grant of limited immunity to political subdivisions from subrogation actions is rationally related to

legitimate state interests" under the Equal Protection Clauses of the United States and Ohio Constitutions. *Menefee,* 49 Ohio St.3d at 29–30, 550 N.E.2d 181.

Plaintiff's reliance on *Greyhound Food Management, Inc. v. City of Dayton,* 852 F.2d 866 (6th Cir.1988), appears to be misplaced. The United States Court of Appeals for the Sixth Circuit considered only the retroactivity of the statute and so stated. On page 868 the following appears:

> Because we agree with the insurance company's argument that the retroactive application of this statute violates Article II, Section 28, of the Ohio Constitution, which prohibits the enactment of retroactive laws, we need not reach the other theories advanced below.

The issue in this case is not whether § 2744.05(B) is wise legislation. A respectable argument holding that it is not can be made. Indeed, had the undersigned been a member of the General Assembly of Ohio when this legislation was considered, he would have voted against it. The admonition, however, that Federal Judges do not possess roving commissions to search out and destroy legislation of which they disapprove applies here. *See Brodrick v. Oklahoma,* 413 U.S. 601, 610, 93 S.Ct. 2908, 2915, 37 L.Ed.2d 830 (1972); *Younger v. Harris,* 401 U.S. 37, 52, 91 S.Ct. 746, 754, 27 L.Ed.2d 669 (1971).

## SUMMARY JUDGMENT

■ The summary judgment procedure under Fed.R.Civ.Pro. 56 is designed to secure a just, speedy, and inexpensive determination of any action. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). However, Rule 56(c) permits the Court to grant summary judgment as a matter of law *only* after the moving party has identified as the basis of its motion "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which demonstrate the absence of any genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. The party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (*quoting First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513 (*citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970)). The function of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Id.* 477 U.S. at 249, 106 S.Ct. at 2510. There is no genuine issue for triunless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* (*citing Cities Service,* 391 U.S. at 288–289, 88 S.Ct. at 1592). If the evidence is merely colorable, *Dombrowski v. Eastland,* 387 U.S. 82, 87 S.Ct. 1425, 18 L.Ed.2d 577 (1967) or is not significantly probative, *Cities Service,* 391 U.S. at 290, 88 S.Ct. at 1593, judgment may not be granted. *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2510.

■ Accordingly, consistent with the discussion above, the Defendant City of Cincinnati's Motion for Summary Judgment as it is addressed to the original complaint should be granted. There is, however, in this matter a cross-claim filed by defendant Finneytown Contracting Corporation (doc. 5), which seeks contribution from the City of Cincinnati in the event it is found to be liable to the Plaintiff. Section 2744.05(B) is specific and its prohibition is limited to "an insurer or other person entitled to bring an action under a subrogation provision...." That does not apply in the instance of a claim by Finneytown Contracting Corporation against the City of Cincinnati and as to such cross-claim, the Motion for Summary Judgment is hereby DENIED.

IT IS SO ORDERED.