The STATE of Ohio

v.

CULP.

Auglaize County Municipal Court, Ohio.

No. 94 TRC 00436.

Decided May 9, 1994.

*Garrett T. Gaul,* Auglaize County Prosecuting Attorney, and *Amy Otley,* Assistant Prosecuting Attorney, for plaintiff.

*Gregory Donohue,* for defendant Jason T. Culp.

---

GARY W. HERMAN, Judge.

The defendant appeared April 27, 1994 for change of plea and entered a plea of guilty to the charge of operating a motor vehicle with an excessive breath-alcohol concentration, R.C. 4511.19(A)(3). The defendant was found guilty of the charge.

Pursuant to R.C. 4507.16, the court ordered the defendant's license suspended for a period of six months and gave him credit from the date of arrest for the administrative license suspension.

The issue was then raised as to whether or not the administrative license suspension ("ALS") should continue to remain in effect concurrently with the court suspension. The Revised Code provides that the ALS is imposed at the time of an OMVI arrest either when the offender refuses a blood, breath or urine test or to submit to a test, or when the test is in excess of the prohibited amount. When the offender either pleads guilty or no contest to the charge of OMVI when he or she has refused the test and is convicted, the ALS suspension is automatically terminated under R.C. 4511.191(K). But when the offender has taken the test, there is no provision for termination of the ALS suspension and the $250 fee to reinstate the offender's license.

For the ALS not to terminate upon a plea and conviction when the offender submits to a breath, blood or urine test violates the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Section 2, Article I of the Ohio Constitution. In *Reynolds v. Sims* (1964), 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, rehearing denied (1964), 379 U.S. 870, 85 S.Ct. 12, 13 L.Ed.2d 76, the United States Supreme Court stated:

"[T]he concept of equal protection has been traditionally viewed as requiring the uniform treatment of persons standing in the same relation to the governmental action. * * * "

Convictions under the (A)(3) provisions of R.C. 4511.19 have been held to be allied offenses such that sentencing can only be done under one or both. Therefore, the two classes are OMVI offenders who have either taken or not taken the alcohol or drug test. The difference in treatment is that one continues

the suspension and must pay a $250 reinstatement fee while the other does not. It has been held that where no suspect class or fundamental right is involved, the classification created by the statute will not violate the Equal Protection Clauses if it bears a rational relationship to a legitimate government interest. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 550 N.E.2d 181; *United States v. Maryland Sav. Share Ins. Corp.* (1970), 400 U.S. 4, 91 S.Ct. 16, 27 L.Ed.2d 4.

The purpose of the ALS suspension is dual:

1. to immediately remove drinking drivers from the road.

2. to encourage persons arrested for OMVI to take the drug/alcohol test.

Affording more lenient treatment to the offender who refuses the test actually works against the statute's purpose of encouraging the taking of the test by imposing an additional $250 penalty for those who take and do not pass the test. Therefore, since there is no rational basis for the distinction created by the statute, the continuance of the ALS suspension and requirement of payment of the $250 ALS reinstatement fee after a plea to and conviction of a violation of R.C. 4511.19, *the ALS in this case is ORDERED terminated* and the continuance of an ALS and imposition of the $250 penalty are found to be in violation of the Equal Protection Clauses of both the United States and Ohio Constitutions.

The clerk shall cause a copy of this entry to be sent to the Bureau of Motor Vehicles and the Ohio Attorney General.

This is an appealable order.

*So ordered.*