Defendant-appellant, John H. Burns II, appeals his conviction for operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1). Appellant raises a single assignment of error on appeal arguing that he was denied his right to be free from double jeopardy under the Ohio and United States Constitutions. We affirm appellant's conviction.
On October 2, 1998, appellant was arrested for operating a motor vehicle while under the influence of alcohol. Appellant agreed to take a breath test. On his first attempt, appellant inhaled rather than exhaled, and on his second attempt appellant blew lightly and stopped before completing the test. Pursuant to R.C. 4511.191(D)(1), appellant was placed under administrative license suspension ("ALS") for refusing to submit to chemical testing.
On November 2, 1998, appellant requested that he be granted occupational driving privileges under R.C. 4511.191(I)(2)(b). On November 3, 1998, the trial court granted appellant's request, allowing appellant occupational driving privileges from November 3, 1998 to December 3, 1998. After his motion to dismiss was denied, appellant pled no contest, and, by its journal/judgment entry filed December 3, 1998, the trial court found appellant guilty of drunk driving in violation of R.C.4511.19.(A)(1). Appellant's ALS was terminated at that time, and the trial court sentenced appellant accordingly. Appellant filed this appeal raising the following sole assignment of error:
 IN FAILING TO DISMISS THE CHARGES AGAINST THE DEFENDANT-APPELLANT, THE TRIAL COURT ABUSED ITS DISCRETION, ERRED AS A MATTER OF LAW AND DEPRIVED THE DEFENDANT-APPELLANT OF HIS CONSTITUTIONAL RIGHT AGAINST BEING TWICE PLACED IN JEOPARDY FOR THE CRIME OF OMVI.
Appellant argues that R.C. 4511.191(I)(2)(b) imposes an impermissible punishment upon individuals who refuse to submit to chemical testing by requiring that they wait thirty days before requesting occupational driving privileges, whereas under R.C. 4507.16(F)-(1), individuals who submit to the test and fail are eligible for occupational driving privileges after only fifteen days. Appellant asserts that this fifteen-day disparity constitutes double jeopardy by subjecting him to additional punishment for his offense.
The Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect individuals from double jeopardy. The right to be free from double jeopardy ensures, in part, that no person shall be subjected to multiple punishments for the same offense.State v. Gustafson (1996), 76 Ohio St.3d 425, 432, citingUnited States v. Halper (1989), 490 U.S. 435, 440,109 S.Ct. 1892, 1897.
This court has previously held that in order for a civil sanction, such as an ALS, to be considered punishment for double jeopardy purposes, "it must be excessive, extreme, and substantially disproportionate to the remedial character of the statute." State v. Sims (Aug. 21, 1995), Butler App. Nos. CA94-12-215, CA94-12-217, CA95-02-025, CA95-02-033, CA95-04-064, unreported, at 11, affirmed sub nom., In reAdministrative License Suspension Cases (1996), 76 Ohio St.3d 597. In Sims, we held that an ALS under R.C. 4511.191 did not constitute double jeopardy because an ALS, imposed for refusal to submit to a chemical test or for testing above the legal limit, is non-punitive and remedial in nature and does not constitute punishment under the Double Jeopardy Clause. Sims at 17-18.
Since we decided Sims, the Ohio Supreme Court addressed this issue in State v. Gustafson, 76 Ohio St.3d 425. In Gustafson, an ALS imposed pursuant to R.C. 4511.191 is remedial; however, the ALS "becomes punitive in nature to the extent the suspension continues subsequent to adjudication and sentencing for violation of R.C. 4511.19." Gustafson at paragraph three of the syllabus. The court went on to state that the Double Jeopardy Clauses of the Ohio and United States Constitutions "preclude continued recognition of an administrative license suspension following judicial imposition of criminal penalties for driving while under the influence of intoxicating drugs, including alcohol." Id. at paragraph four of the syllabus.
At appellant's adjudication hearing on December 3, 1998, appellant's ALS was terminated, appellant was adjudged guilty for violating R.C. 4511.19(A)(1), and sentenced accordingly. In this case, appellant's ALS did not continue beyond the imposition of judicial penalties; therefore it never became punitive in nature. Since appellant's ALS was merely remedial, appellant's double jeopardy claim lacks an essential prerequisite. The ALS never amounted to punishment for double jeopardy purposes.
In addition, appellant points out that there is a fifteen-day disparity between requesting occupational driving privileges under R.C. 4511.191(I)(2)(b) after refusing to take a chemical test and requesting occupational driving privileges under R.C. 4507.16(F)(1) after failing a chemical test. InGustafson the court stated, "Short-term suspensions of a reasonable duration of time may 'fairly be characterized as remedial' within the double jeopardy framework." Gustafson,76 Ohio St. 3d at 440. The difference between a fifteen-day wait after failing the test and a thirty-day wait after refusing to submit to the test is not excessive, extreme, or substantially disproportionate to such an extent that the ALS becomes punitive rather that remedial in nature. Therefore, since is it not a punishment, appellant's claim that his double jeopardy rights have been violated is unfounded.
Though appellant has not framed it as such, his argument seems to be more of an equal protection claim rather than a double jeopardy claim. However, appellant's claim lacks merit even if we construe it under the Equal Protection Clause. This classification involves no suspect or semi-suspect class. Therefore, the Equal Protection Clause requires that similarly situated individuals be treated alike unless distinguishing them bears some rational relationship to a legitimate governmental purpose. State v. Campbell (1996), 115 Ohio App.3d 319,323, citing Menefee Savings v. Oueen City Metro (1990),49 Ohio St.3d 27. Under a rational basis inquiry, we must uphold the statutory scheme "unless the classification is whollyirrelevant to achievement of the state's purpose." (Emphasissic.) Menefee at 29.
It appears that the state's purposes under this statutory scheme are twofold: (1) immediately removing drinking drivers from Ohio's roadways, and (2) encouraging persons arrested for drunk driving to take the chemical test. See State v. Culp
(M.C. 1994), 65 Ohio Misc.2d 88, 90. Both of these are legitimate legislative purposes. We find that, under rational basis review, Ohio's ALS procedure does not violate equal protection merely because it authorizes different treatment for drivers who refuse a chemical test as opposed to those who submit to the test and fail. See Campbell at 323. Appellant's assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.