MENEFEE ET AL., APPELLEES, *v.* QUEEN CITY METRO, APPELLANT.

[Cite as Menefee *v.* Queen City Metro (1990), 49 Ohio St. 3d 27.]

(No. 88-2095—Submitted December 5, 1989—Decided February 14, 1990.)

*Halaby & Halaby Co., L.P.A., Dennis E. Halaby* and *Keith W. Anderson,* for appellees.

*McCaslin, Imbus & McCaslin, Thomas J. Gruber* and *Sarah Mortensen Patton,* for appellant.

*Manahan, Pietrykowski, Bamman & Delaney* and *Gerald R. Kowalski,* urging reversal for *amicus curiae* Toledo Area Regional Transit Authority.

H. BROWN, J. The issue presented is whether the statutory treatment of subrogated claimants in tort actions against political subdivisions is unconstitutional. We hold that it is not and reverse the judgment of the court of appeals.

The sovereign immunity of municipal corporations in Ohio was judicially abolished in *Haverlack* v. *Portage Homes, Inc.* (1982), 2 Ohio St. 3d 26, 2 OBR 572, 442 N.E. 2d 749. See *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 33, 6 OBR 53, 54, 451 N.E. 2d 228, 230. Abrogation of the doctrine was approved in *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118, 6 OBR 178, 451 N.E. 2d 787, syllabus: "In the absence of a statute providing immunity, the defense of sovereign immunity is not available to a municipal corporation in an action for damages alleged to be caused by the tortious conduct of the municipality."

The General Assembly responded by promulgating R.C. Chapter 2744 which governs, among other things, tort liability of political subdivisions. R.C. 2744.05 limits the damages recoverable against such entities. It provides in relevant part:

"(B) If a claimant receives or is entitled to receive benefits for injuries or loss allegedly incurred from a policy or policies of insurance or any other source, the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. No insurer or other person is entitled to bring an action under a subrogation provision in an insurance or other contract against a political subdivision with respect to such benefits.* * *"

Appellees contend that R.C. 2744.05(B) denies equal protection of the law to insurance companies who

assert claims against political subdivisions under subrogation provisions of an insurance contract. We disagree.

A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest. See *Kinney* v. *Kaiser Aluminum & Chemical Corp.* (1975), 41 Ohio St. 2d 120, 123, 70 O.O. 2d 206, 208, 322 N.E. 2d 880, 883; *Metropolitan Life Ins. Co.* v. *Ward* (1985), 470 U.S. 869, 881.

The statute serves two purposes. It conserves the fiscal resources of political subdivisions by limiting their tort liability. Secondly, it permits injured persons, who have no source of reimbursement for their damages, to recover for a tort committed by the political subdivisions.

The state could have extended sovereign immunity to *all* claims against a political subdivision. Instead, it carved out limited classifications in response to reasonable concerns. Whether the state's classification best achieves its purposes is not our inquiry. In a rational-basis analysis, we must uphold the statute unless the classification is *wholly irrelevant* to achievement of the state's purpose.[1] *McGowan* v. *Maryland* (1961), 366 U.S. 420, 425. "A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *Id.* at 426.

Most significantly, a state has a valid interest in preserving the financial soundness of its political subdivisions. See *Shapiro* v. *Thompson* (1969), 394 U.S. 618, 633. Further, the state can make the rational determination to permit recovery by an unprotected victim but deny subrogation to insurance carriers who can make actuarial computations and adjust premiums to compensate for payments to policyholders who suffer damage at the hands of a political subdivision. Subrogation claims for property damage caused by political subdivisions must surely be a minuscule percentage of all subrogation claims resulting from collision coverage. The additional premium to cover the risk would be negligible. Accordingly, a rational basis can be conceived to justify a classification in which subrogation claims are treated differently from other claims against a political subdivision.

We hold that R.C. 2744.05(B) is a

---

[1] We are mindful of the decision reached in *Greyhound Food Mgmt., Inc.* v. *Dayton* (S.D. Ohio 1986), 653 F. Supp. 1207. There, the court held that R.C. 2744.05(B) violates the Equal Protection Clause. Although the court therein stated that it was using the rational-basis test, it instead appeared to subject the classification to a higher level of scrutiny than required and failed to recognize the dual purpose of the statute.

We are also mindful that Ohio courts of appeals are divided in answering the constitutional question which is presented to us. *Grange Mut. Cas. Co.* v. *Columbus* (1989), 49 Ohio App. 3d 50, 550 N.E. 2d 524; *State Farm Mut. Auto. Ins. Co.* v. *Keefe* (July 20, 1989), Cuyahoga App. No. 57035, unreported; *York* v. *Dayton* (Dec. 29, 1988), Montgomery App. No. CA 10953, unreported (finding R.C. 2744.05[B] constitutional). *Buckeye Union Ins. Co.* v. *Voss* (Dec. 13, 1989), Hamilton App. No. C-880614, unreported; *State Farm Mut. Auto. Ins. Co.* v. *Rapenchuk* (Mar. 8, 1989), Medina App. No. 1750, unreported; *Burger* v. *McGhee* (Oct. 4, 1989), Summit App. No. 14116, unreported; *Motorists Mut. Ins. Co.* v. *Butler Cty. Water & Sewer Dept.* (July 24, 1989), Butler App. Nos. CA88-11-164 and CA88-12-170, unreported; *State Farm Mut. Ins. Co.* v. *James* (Sept. 6, 1989), Summit App. No. 14018, unreported (finding R.C. 2744.05[B] unconstitutional).

constitutional exercise of legislative authority because its grant of limited immunity to political subdivisions from subrogation actions is rationally related to legitimate state interests.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for disposition in accordance with our opinion.

*Judgment reversed and cause remanded.*

MOYER, C.J., HOLMES, DOUGLAS and RESNICK, JJ., concur.

SWEENEY and WRIGHT, JJ., dissent.