OPINION
Appellant DeShonna Renee Thomas appeals from a judgment of the Greene County Common Pleas Court sentencing her to four years' incarceration for gross sexual imposition and declaring her a "sexual predator."
Thomas advances two assignments of error. First, she contends the trial court erred by declaring her a sexual predator pursuant to R.C. 2950.09(B). Next, she claims Ohio's sexual predator statute violates the Equal Protection Clause when applied to female sex offenders.
The present appeal stems from Thomas' guilty plea to two counts of gross sexual imposition involving a four-year-old child and a five-year-old child. Following the guilty pleas, but before sentencing, the state sought to have Thomas declared a sexual predator as defined by R.C. 2950.01, et seq. Thomas subsequently underwent a court-ordered forensic examination. She also filed a motion challenging the constitutionality of Ohio's sexual predator statute. Following a July 16, 1997, hearing on the issue of Thomas' sexual predator status, the trial court took Thomas' motion under advisement. The court then filed a judgment entry sentencing Thomas to two concurrent four-year terms of imprisonment and declaring her a sexual predator. Thomas filed a timely notice of appeal. She advances the following two assignments of error:
I.
 "The trial court erred in concluding that appellant was a sexual predator under Section 2950.09(B) of the Ohio Revised Code."
In her first assignment of error, Thomas contends the trial court improperly declared her a "sexual predator." More specifically, Thomas claims the state failed to demonstrate by clear and convincing evidence that she met R.C. 2950.01(E)'s definition of sexual predator. That provision defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
As Thomas notes, R.C. 2950.09(B)(2) provides a non-exclusive list of factors for the court to consider when determining whether a person is a sexual predator. Those factors include: (a) the offender's age, (b) the offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed, (d) whether the sexually oriented offense for which sentence is to be imposed involved multiple victims, (e) whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting, (f) if the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders, (g) any mental illness or mental disability of the offender, (h) the nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse, (i) whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty, and (j) any additional behavioral characteristics that contribute to the offender's conduct."
In the present case, Thomas contends the state failed to prove by clear and convincing evidence that she is likely to engage in one or more future sexually oriented offenses. Consequently, Thomas argues that she should not have been declared a sexual predator as that phrase is defined in R.C. 2950.01(E). In support of her argument, Thomas asserts that the state presented evidence on only two of the foregoing statutory factors. Additionally, Thomas stresses the testimony of clinical psychologist Susan Dyer, who stated that she could not predict whether Thomas would be likely to commit future offenses.
After reviewing the record, however, we find Thomas' argument unpersuasive. Upon cross examination by defense counsel, Dr. Dyer did agree that she could not predict whether Thomas would be likely to re-offend in the future. She also stated that she could not positively determine Thomas' motivation for committing the gross sexual imposition. Upon questioning from the state, however, Dr. Dyer acknowledged that she rarely can determine in an initial interview what motivates sex offenders to commit their crimes. She also admitted that she never provides a court with her opinion regarding the likelihood of a defendant committing future sex crimes. Instead, she identifies certain "risk factors" for the court to consider.
In her testimony, Dr. Dyer identified a number of "risk factors" that she found applicable to Thomas. First, Dr. Dyer noted that recidivism is more likely when an offender molests very young children. Dr. Dyer also expressed concern because Thomas committed her offenses while acting as a babysitter and care-giver for the two young children. In addition, Dr. Dyer identified as a risk factor Thomas' act of allowing the children to watch pornographic tapes on many occasions. She explained that this conduct "speaks to the issue of entrenchment or how prevalent the sexual deviance is in the individual's life." Dr. Dyer also pointed out that Thomas did not seem particularly concerned about what she had done and minimized her wrongdoing. Furthermore, Dr. Dyer expressed concern that counseling or treatment might not be beneficial given Thomas' resistant attitude. Dr. Dyer also noted Thomas' relatively young age and explained that "for some reason younger age is correlated with a higher rate of recidivism." In addition, Dr. Dyer noted Thomas' short-term employment experiences. She explained that "for those who have spotty or short-term employment, the rate of recidivism is higher."
At the conclusion of the hearing, the trial court ruled from the bench and declared Thomas a sexual predator based upon her age, the victims' ages, and "the nature of the offender's conduct." The trial court's ruling implicates factors (a), (c), and either (h) or (j) above. This court's review of the record supports the trial court's reliance upon those factors. With respect to factor (a), Thomas was only nineteen years old, and Dr. Dyer testified that young offenders have a higher recidivism rate. Concerning factor (c), the victims were very young children, and Dr. Dyer testified that offenders who molest young victims are more likely to offend again. Furthermore, we find some evidence related to factor (h), which addresses the nature of the offender's interaction in a sexual context with the victim and whether the interaction was part of a demonstrated pattern of abuse. Although the record contains no evidence that Thomas engaged in a pattern of gross sexual imposition, the record would support a finding that Thomas engaged in a pattern of allowing the children to watch pornographic videos. In addition, we note the existence of factor (d) because Thomas' actions involved multiple victims. Finally, the other "risk factors" Dr. Dyer identified fall under factor (J), which covers any additional behavioral characteristics that contribute to the offender's conduct.
Based upon the foregoing factors, we cannot say the trial court erred by finding clear and convincing evidence to support Thomas' classification as a "sexual predator." Accordingly, we overrule her first assignment of error.
II.
 "Ohio's sexual predator statute is unconstitutional as applied to female sex offenders, and is unconstitutional as violative of the Equal Protection Clause."
In her second assignment of error, Thomas contends Ohio's sexual predator statute, R.C. 2950.01, et seq., violates the Equal Protection Clause of the U.S. Constitution.
Thomas first acknowledges that the state has a legitimate interest in protecting the public from sex offenders who are deemed likely to offend again. She insists, however, that the community notification and registration requirements found in R.C.2950.01, et seq., are rationally related to the state's legitimate interest only when the requirements are applied to male sex offenders. In support of her argument, Thomas contends Ohio's sexual predator statute is a legislative response to statistical data showing a high recidivism risk among male sex offenders. Thomas claims no research exists demonstrating a similarly high risk of recidivism among female sex offenders. Consequently, Thomas reasons that the notification and registration requirements, as applied to male sex offenders, are rationally related to the state's legitimate interest in public safety. Absent any evidence that female sex offenders have a high recidivism rate, however, Thomas contends the statute as applied to female sex offenders, is not rationally related to the state's public safety interest. For example, in her brief to this court, Thomas reasons:
 "* * * In the present case, the purposes of the statute are clear and stated in the statute by legislative findings, quoted earlier: i.e., protecting the public from repeat offenders. However, it cannot be rationally argued that because male offenders of certain types have certain rates of recidivism, that this is true of female offenders. The statute's justification is based upon faulty, inadequate research data. The end or goal of legislation must justify the means employed. In the present case, the goal[,] recidivism concerning female offenders[,] cannot be posited with any rationality or probability. Accordingly, the statute is defective under the equal protection clause of the United States Constitution, as applicable to the states."
We find this argument unpersuasive. Even assuming arguendo
that Ohio's sexual predator statute is a legislative response to statistical data showing a high recidivism rate among male sex offenders, we find no merit to Thomas' equal protection argument. At the outset, we note that Ohio's sexual predator statute involves neither a suspect class nor a fundamental right. State v.Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported; State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported. Although Thomas' argument makes a distinction between male and female sex offenders, her contention is not that R.C. 2950.01, et seq., treats male and female sex offenders differently. To the contrary, she alleges an equal protection violation because the statute treats male and female sex offenders identically without statistical evidence establishing that both are likely to commit future sex crimes. Thus, while the statute may be rationally related to ensuring public safety when applied to males, Thomas argues that it bears no rational relationship to the state's public safety interest when applied to females absent someevidence that females are at a high risk for recidivism.
We cannot agree. When a legislative classification implicates neither a suspect class nor a fundamental right, the classification is subject to "rational basis" scrutiny. Granzow v.Montgomery Cty. Bur. of Support (1990), 54 Ohio St.3d 35, 37. Under this standard of review, a classification does not violate equal protection if it bears a rational relationship to a legitimate governmental interest. Menefee v. Queen City Metro
(1990), 49 Ohio St.3d 27, 29. We harbor no doubt that the state's interest in protecting the public from sex crimes is a legitimate state interest. As the Hamilton County Court of Appeals noted inLance, supra:
 "The protection of the public from sex offenses is, without a doubt, a legitimate state interest. In all of the cases before us, the courts specifically found the offenders to be sexual predators. The legislature specifically defined a sexual predator as an offender who `is likely to engage in the future in one or more sexually oriented offenses.' It has also specifically concluded that such an offender poses a high risk of recidivism. The registration and notification requirements accompanying a sexual-predator finding clearly advance the legislature's stated goal of protecting the public."
Furthermore, we reject Thomas' argument that the statute, as applied to females, is not rationally related to the state's interest absent evidence showing high recidivism rates among female sex offenders. Even assuming a paucity of statistical data concerning female sex offenders, the legislature rationally could apply the data showing a high risk of recidivism among male sex offenders to female offenders as well. As this court noted inAmerican Assn. of Univ. Professors v. Central State Univ. (Jan. 31, 1997), Greene App. No. 96-CA-21, unreported, "`a legislative choice is not subject to courtroom fact-finding and may be based on rational speculation unsupported by evidence or empirical data.'" Id., quoting Federal Communications Comm. v. Beach Comm.,Inc. (1993), 508 U.S. 307, 315. Thus, we find no violation of the Equal Protection Clause stemming from the sexual predator statute's application to Thomas. Accordingly, we overrule her second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix
Mark J. Donatelli
Hon. M. David Reid