DECISION.
In this appeal, the defendant-appellant, Anthony Pace, poses an equal protection challenge regarding the constitutionality of the registration requirement for sexually-oriented offenders as set forth in R.C. Chapter 2950. We have sua sponte removed this case from the accelerated calendar.
The record reflects that on an undetermined date in August 1996, while Pace was babysitting the two young daughters of an ex-girlfriend with whom he resided, Pace engaged in cunnilingus with then five-year-old Marquitta Vaughn, while her six-year-old sister was in another room. Several months later, in October 1996, the Hamilton County Department of Human Services suspected that improper conduct involving Pace had occurred because Marquitta began acting out and talking about the incident. Consequently, the police were notified and an investigation ensued. Pace cooperated with the police and provided them with both written and verbal confessions to the offense. Pace indicated that he had been drinking prior to the incident and that he was sorry.
In March 1997, Pace was indicted for one count of rape. This indictment also included a sexually-violent-predator specification under R.C. 2941.148. In June 1997, Pace pleaded guilty to sexual battery, a third-degree felony, in violation of R.C. 2907.03. Pace was sentenced to two years of incarceration. Immediately after sentencing, the trial court held a hearing and determined that Pace was a sexual predator.
Pace appealed, and in State v. Pace (June 5, 1998), Hamilton App. No. C-970564, unreported, this court determined that the trial court had failed to dispose of the sexually-violent-predator specification. Resultantly, we held the trial court's order was merely interlocutory and that its partial determination did not constitute a final appealable order. We, accordingly, dismissed Pace's appeal.
The trial court then, on July 13, 1998, recorded an entry dismissing the sexually-violent-predator specification. Within this entry, the trial court further found that Pace could not be deemed a sexual predator for registration-and-notification-requirement purposes under R.C. Chapter 2950, but determined that he would be required to register as a "sexually oriented offender" upon his release from the penitentiary. The current appeal involves the trial court's July 13, 1998, entry.
In his single assignment of error, Pace contends that "the registration requirement accompanying the sexually oriented offender classification bears no rational relationship to the state's goals," is arbitrary and unreasonable and, therefore, violates equal protection and due process guarantees.
We note at the outset that Pace's reliance upon our decision in State v. Boeddeker (Feb. 13, 1998), Hamilton App. No. C-970471, unreported, is misplaced. We specifically stated in Boeddeker
that the statutory scheme in R.C. Chapter 2950 has been deemed to be civil and remedial, not criminal, in nature and that, consequently, the appropriate method to mount a facial challenge to the statute's constitutionality would be through a declaratory-judgment action brought pursuant to R.C. Chapter 2721. We concluded our decision in Boeddeker with the following language: "Since that declaratory judgment action is not now before us, we do not have the authority to declare the registration provisions facially invalid with respect to all sexually oriented offenders. Consequently, we overrule Boeddeker's assignment of error." Thus, Pace's argument thatBoeddeker is controlling is erroneous.
We further note that Boeddeker predated the recent Ohio Supreme Court decision of State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570. As set forth below, we believe that Cook
encompasses the conclusion that R.C. Chapter 2950 is not constitutionally infirm in the face of an equal protection challenge to its registration requirement for sexually-oriented offenders.
Appellant's equal protection argument involves neither a suspect class nor a fundamental right. See Albright v. Oliver
(1994), 510 U.S. 266, 271-272, 114 S.Ct. 807, 812; Paul v. Davis
(1976), 424 U.S. 693, 712-13, 96 S.Ct. 1155, 1166; State ex rel.Plain Dealer Publishing Co. v. Cleveland (1996), 75 Ohio St.3d 31,34, 661 N.E.2d 187, 190. Therefore, the decisive issue is whether the classification bears a rational relationship to a legitimate governmental interest. Menefee v. Queen City Metro (1990),49 Ohio St.3d 27, 29, 550 N.E.2d 181.
Individuals labeled "sexual predators" are, according to R.C.2950.01(E), "likely to engage in the future in one or more sexually oriented offenses." Hence, the argument has been made that those persons who have committed "sexually oriented offenses," but have not been adjudicated "sexual predators," are considered not likely to reoffend in the future. See State v.Redden (Mar. 19, 1999), Lucas App. No. L-98-1087, unreported. The argument then follows that because sexually-oriented offenders who are not sexual predators are not likely to offend again, there is no rational relationship between requiring sexually-oriented offenders to register and protecting the "safety and general welfare of the people of this state." R.C. 2950.02(B); State v.Redden, supra.
R.C. 2950.02(B) states in pertinent part, "[T]he general assembly hereby declares that, in providing in this chapter for registration regarding * * * offenders who have committed sexually oriented offenses * * * it is the general assembly's intent to protect the safety and general welfare of the people of this state." In Cook, the Ohio Supreme Court held that "this language reveals that the General Assembly's purpose behind R.C. Chapter 2950 is to promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems." Cook,supra, at 417, 700 N.E.2d at 581. The supreme court further stated in Cook that the "protection of the public is a paramount government function enforced through police power." Cook, supra,
at 421, 700 N.E.2d at 584, citing Miami Cty. v. Dayton (1915),92 Ohio St. 215, 223-224, 110 N.E.2d 726. Based on the foregoing, we conclude that a legitimate governmental interest underlies R.C. Chapter 2950. See, also, State v. Redden, supra.
Having found a legitimate governmental purpose behind R.C. Chapter 2950, we next determine whether there is a rational relationship between this legitimate governmental interest and the registration requirement imposed upon sexually-oriented offenders. The Ohio Supreme Court noted in Cook, supra, at 413, 417, 700 N.E.2d 578, 581, that "* * * the risk of recidivism is higher among sex offenders than any other type of criminal. * * * Registration with the sheriff's office allows law enforcement officials to remain vigilant against possible recidivism by offenders. Thus, registration objectively serves the remedial purpose of protecting the local community."
The court in Redden, supra, aptly pointed out the following with respect to the decision in Cook:
 Without specifically stating that there is a "rational relationship" to the "legitimate governmental interest," the Ohio Supreme Court held as follows: "* * * [t]he fact that released sex offenders have a high rate of recidivism demands that steps be taken to protect members of the public against those most likely to reoffend. This is the role of R.C. Chapter 2950. Registration allows local law enforcement to collect and maintain a bank of information on offenders. This enables law enforcement to monitor offenders, thereby lowering recidivism." [Citing Cook, supra, at 421, 700 N.E.2d 584.]
Accordingly, based upon rationale drawn primarily from Cook, we hold that there is a rational relationship between requiring those convicted of a "sexually oriented offense" to register and "protecting the safety and general welfare of the people of this state." In light of this conclusion, we cannot say that R.C. Chapter 2950 violates the Equal Protection Clauses of the Ohio and United States Constitutions as alleged by Pace. Therefore, Pace's sole assignment of error is overruled.
Judgment affirmed.
 Winkler, J., concurs.
Painter, P.J., dissents.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.