OPINION
Appellant, John Bradley appeals a judgment of the Common Pleas Court of Logan County adjudicating him a sexual predator pursuant to R.C. Chapter 2950. For the reasons expressed in the following opinion, we affirm the judgment of the trial court.
In 1994, Appellant, then thirty six years old, was living in Fremont, Ohio working as a foreman with the Great Lakes Tank and Steel Company. In mid-May of 1994, Appellant's employer sent Appellant and his crew of co-workers to repair water towers in Russells Point, Ohio and Lakeview, Ohio. The repair-work required Appellant to relocate for several weeks. During that time, Appellant was staying at the Frontier Cottages on State Route 366 in Lakeview, Ohio.
On the evening of Thursday, June 9, 1994, Appellant and several of his co-workers, Mike Valle and Rodney Taylor, went out for drinks after finishing work. Appellant visited several bars that evening drinking a substantial amount of beer and liquor at each one. At one point in the evening Appellant also smoked marijuana. Appellant testified he drank so much alcohol that he got sick in the restroom of the Sunova Beach Club, a bar in Lakeview, Ohio. Nonetheless, he continued to drink there into the early morning hours of June 10, 1994.
Sometime after midnight, Mike Valle and Rodney Taylor left the Sunova Beach Club; however, Appellant remained behind indicating that he would walk home. At approximately 3:00 a.m. on June 10, 1994 Appellant left the bar and began walking back to the frontier Cottages. On the way back to the cottages, at approximately 4:30 a.m., Appellant broke into the home of Mary Arnett, a seventy five year old woman, and forced her to have sexual intercourse with him against her will.
On June 28, 1995 Appellant was convicted of Rape in violation of R.C. 2307.02, a first degree aggravated felony at the time. He was subsequently sentenced to a period of not less than ten years and not to exceed twenty five years incarceration. On February 2, 1999, pursuant to R.C. 2950.09(C), the Ohio Department of Rehabilitation and Corrections recommended to the trial court that Appellant be adjudicated a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses." See R.C. 2950.01(E).
On May 3, 1999, after considering the evidence and the relevant factors in R.C. 2950.09(B)(2), the court determined, by clear and convincing evidence, that Appellant is a sexual predator.
Appellant now appeals the judgment of the trial court, assigning three errors for our review.
Assignment of Error No. 1
 The trial court erred in finding the Appellant to be a sexual predator pursuant to the provisions of Revised Code Section 2950.09, in that said finding was not supported by sufficient credible evidence.
R.C. 2950.09(C)(2) provides that a trial court's finding that an offender is a sexual predator should be supported by clear and convincing evidence, which is defined as:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. 469. In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof.Schiebel, 55 Ohio St.3d at 74.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, the following:
(a)The offender's age;
 (b)The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c)The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d)Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e)Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f)If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g)Any mental illness or mental disability of the offender;
 (h)The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i)Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j)Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2)
Initially, we must point out that the plain language of the statute provides that the list of factors contained in R.C.2950.09(B)(2) is certainly not exhaustive. In that light, the trial court properly noted the following evidence. At the time the rape occurred, Appellant was thirty six years old and the victim was seventy five years old, creating a substantial age discrepancy. Appellant broke into the victim's house during the early morning hours of June 10, 1994, forcing the victim to have sexual intercourse with him several times against her will. The victim testified at trial that the more she complained of the pain, the more Appellant persisted and the more forceful he was.
The trial court also noted in its judgment entry that Appellant has a lengthy criminal record "replete with alcohol related offenses and violence." With respect to Appellant's alcohol related offenses, the court further stated:
 The Court finds the defendant is an abuser of alcohol; this is likely to continue when the Defendant is released. It follows that since the instant offense happened under the cloud of alcohol, that this Defendant is likely to again commit sexually oriented offenses.
Judgment Entry, p. 2. At the Sexual Classification Hearing the court also considered the post-sentence investigation report prepared by Adult Parole Authority agent, Linda Wicker. In that report, a physical and mental evaluation of Appellant indicates a strong doubt in Appellant's ability to reform his behavior in the future.
After examining the record and the relevant factors contained in R.C. 2950.09(B)(2), we conclude that there was sufficient evidence for the trial court to determine, by clear and convincing evidence, that Appellant is a sexual predator.
Accordingly, Appellant's first assignment of error is not well taken and is overruled.
Assignment of Error No. 2
 Ohio Revised Code Sections 2950.01 et seq., as most recently enacted, are unconstitutional as violative of Mr. Bradley's right to privacy as protected by Article I, Section 1, of Ohio's Constitution and the Ninth and Fourteenth Amendments to the Constitution of the United States.
In 1997, H.B. 180, also known as Megan's law, established a new classification, registration, and community notification system for sex offenders. State v. Cook, 83 Ohio St.3d 404, 407. House Bill 180 is currently codified in R.C. Chapter 2950. Under this new system, sex offenders must first be classified as: 1) sexually oriented offenders; 2) habitual sex offenders; or 3) sexual predators. Id. at 407; R.C. 2950.09. The sex offenders' classification status determines the length and nature of the registration requirements, and whether the community notification requirements are applicable.
R.C. Chapter 2950 is an exercise of the State's police powers, its purpose being to "promote public safety and bolster the public's confidence in Ohio's criminal and mental health systems." Cook, 83 Ohio St.3d at 417. Appellant, however, argues that the registration and community notification requirements of R.C. 2950 violate Article I, Section 1 of the Ohio Constitution, which guarantees that every person has "inalienable rights under natural law which cannot be unduly restricted by government." Appellant also argues that R.C. Chapter 2950 violates the Ninth
and Fourteenth Amendments to the U.S. Constitution.
Appellant urges this court to adopt the reasoning in State v.Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406, where the Eleventh District Court of Appeals held that R.C. Chapter 2950 violates Article I, Section 1 of the Ohio Constitution. Because we feel the Court in Cook addressed the constitutionality of R.C. 2950, we decline to follow the reasoning in Williams.
In addressing the issue of whether the registration and community notification provisions constitute an affirmative disability or restraint, the Supreme Court of Ohio determined that "the inconvenience of registration is a de minimis administrative requirement." Cook, 83 Ohio St.3d at 418. The Court also pointed out that the burden of dissemination of the information falls not on the defendant, but upon law enforcement, and that while the information could be embarrassing to a defendant, "the importance of public access prevails over the detrimental effect that the release of derogatory information may have on a defendant." Id., at 419.
In Cook, the Court only addressed whether R.C. Chapter 2950 violates the Retroactivity Clause of Article II, Section 28 of the Ohio Constitution, and the Ex Post Facto Clause of Article I, Section 10 of the U.S. Constitution. However, although only dicta, the Court in Cook forcefully stated that the registration, address verification, and community notification requirements of R.C. Chapter 2950, are constitutional. In doing so, the Court balanced the interests of the public against the well being and reputation of sex offenders.
We find the Court's discussion of the constitutional considerations in Cook to be persuasive that R.C. Chapter 2950 is constitutional in its entirety. Therefore, we hold that R.C. Chapter 2950 does not violate Article I, Section 1 of the Ohio Constitution, or the Ninth or Fourteenth Amendments to the U.S. Constitution.
Accordingly, Appellant's second assignment of error is not well taken and is overruled.
Assignment of Error No. 3
 Ohio Revised Code Sections 2950.01 et. seq., violate Mr. Bradley's right to equal protection of the laws pursuant to the Fourteenth Amendment to the United States Constitution and Article I Section 2, of the Ohio Constitution.
Appellant argues that R.C. Chapter 2950 violates his right to equal protection of the laws under the U.S. and Ohio Constitutions. Specifically, Appellant argues that the registration and notification requirements of R.C. Chapter 2950 violate his right to privacy, a fundamental right, and, therefore, require a heightened level of scrutiny under an equal protection analysis.
Appellant urges this court to apply a strict scrutiny standard of review in analyzing his equal protection claim. "Under the strict scrutiny standard for reviewing legislation which restricts the exercise of fundamental rights, a statute will be considered unconstitutional unless it is shown to be necessary to promote a compelling governmental interest." Sorrell v.Thevenir (1994), 69 Ohio St.3d 415, 423. With respect to an individual's fundamental right to privacy, however, the Supreme Court of Ohio stated "[i]n a due process and equal protection context, the right to privacy relates to certain rights of freedom of choice in marital, sexual, and reproductive matters." State exrel. the Plain Dealer Publishing Co. v. City of Cleveland (1996),75 Ohio St.3d 31, 34.
Because Appellant's right to privacy claim does not involve a marital, sexual, or reproductive matter, we decline to analyze his equal protection claim under a strict scrutiny standard of review. Instead, we apply a rational basis standard of review. "A statutory classification which involves neither a suspect class nor a fundamental right does not violate the Equal Protection Clause of the Ohio or United States Constitutions if it bears a rational relationship to a legitimate governmental interest."Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 29. In this case, no suspect class or fundamental right was involved.
Appellant argues that even if we apply a rational basis standard of review, R.C. Chapter 2950 nonetheless is unconstitutional. We disagree. The Supreme Court of Ohio has stated that a statute "will ordinarily survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose." State v. Posey
(1988), 40 Ohio St.3d 420, 415.
The Supreme Court of Ohio has also held that the registration and notification provisions of R.C. Chapter 2950 are a valid exercise of the state's police power, its purpose being to notify community members that a sexual predator is living in the neighborhood. Cook, 83 Ohio St.3d 404, 413-417. This purpose serves a legitimate governmental interest and, therefore, it survives a rational basis standard of review.
Accordingly, Appellant's third assignment of error is not well taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 HADLEY and SHAW, JJ., concur.