DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Sandusky County Court of Common Pleas, which granted summary judgment in favor of appellee, Bellevue City Schools Board of Education, against appellant, Antoinette Marie Beck, Administratrix of the estate of Christian Anthony Beck, deceased. For the following reasons, we reverse the decision of the trial court.
This matter arose as a result of the death of Christian Anthony Beck, six years old, on or about February 26, 1998. Christian was struck during an outdoor recess at York School by a semi tractor trailer, driven by an employee of Adam Wholesalers of Toledo, Inc. Appellant sued appellee and the driver of the tractor trailer, as well as, his employer. Appellee filed a motion for summary judgment on the basis that it was entitled to immunity pursuant to R.C. 2744.01, et seq., the Ohio political subdivision immunity statutes. On April 22, 1999, the trial court granted appellee's motion for summary judgment and found no just reason for delay, pursuant to Civ.R. 54(B).
Appellant timely appealed the trial court's decision and raises the following assignments of error:
 "I. The trial court erred in interpreting R.C. 2744.02(B)(4) as requiring that injury, death, or loss occur on the grounds of the school.
 "II. The trial court erred in refusing to find that the premises liability exception to immunity in R.C. 2744.02(B)(4) is applicable.
 "III. If this Court determines H.B. 350 to be unconstitutional, then the trial court erred in refusing to find that the negligence exception to immunity in the former version of R.C. 2744.02(B)(3) is applicable.
 "IV. The trial court erred in refusing to find that the public roads exception to immunity in R.C. 2744.02(B)(3) is applicable.
 "V. If this Court determines H.B. 350 to be unconstitutional, then the trial court erred in refusing to find that the nuisance exception to immunity in the former version of R.C. 2744.02(B)(3) is applicable.
 "VI. The trial court erred in refusing to find that the exercise of discretion defense in R.C. 2744.03(A)(5) is not available.
 "VII. The trial court erred in finding that appellant produced no evidence of recklessness so as to satisfy the exception to the defense in R.C. 2744.03(A)(5).
 "VIII. The trial court erred in refusing to hold R.C. Chapter 2744 unconstitutional.
 "IX. The trial court erred in refusing to hold the amendments to R.C. Chapter 2744 in H.B. 350 unconstitutional."
In determining appellee's motion for summary judgment, the trial court applied the language in R.C. 2744.01-2744.03, as amended by Am.Sub.H.B. No. 350 ("H.B. 350"), effective January 27, 1997. The Ohio Supreme Court, however, in State ex rel. OhioAcademy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, found H.B. 350 unconstitutional in its entirety. It is well-established that a decision of the Supreme Court of Ohio striking down a statute as unconstitutional is to be given retrospective application. Wendell v. AmeriTrust Co., N.A. (1994), 69 Ohio St.3d 74,77. See, also, Taylor v. County of Cuyahoga (Jan. 20, 2000), Cuyahoga App. No. 75473, unreported, and Steele v. Diab
(Dec. 3, 1999), Erie App. No. E-98-035, unreported. Accordingly, we find that the statutory language in existence prior to the enaction of H.B. 350 is now controlling. Therefore, all statutory references will be to the pre-H.B. 350 version of the statutes, except where indicated.
Political subdivisions are granted immunity from "damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." R.C.2744.02(A)(1). A school district is a "political subdivision," R.C. 2744.01(F), and the provision of a system of public education is a "governmental function," R.C. 2744.01(C)(2)(c).
R.C. 2744.02(B), however, sets forth the exceptions to the general grant of immunity provided for in R.C. 2744.02(A)(1). The potential exceptions to immunity at issue in this case are set forth in R.C. 2744.02(B)(3) and (4), which state:
 "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
"* * *
 "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public roads, highways, streets, avenues, alleys, sidewalks, bridges, aqueducts, viaducts, or public grounds within the political subdivisions open, in repair, and free from nuisance, except that it is a full defense to such liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to persons or property that is caused by the negligence of their employees and that occurs within or on the grounds of buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code. * * *"
These statutory sections differ from the H.B. 350 version and were amended by H.B. 350 as follows:
 "(3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads and other negligent failure to remove obstructions from public roads, except that it is a full defense to that liability, when a bridge within a municipal corporation is involved, that the municipal corporation does not have the responsibility for maintaining or inspecting the bridge.
 "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01
of the Revised Code." H.B. 350 version of R.C. 2744.02(B) (3) and (4).
In her memorandum in opposition to appellee's motion for summary judgment, appellant argued that H.B. 350 was unconstitutional and asserted that the former version of the applicable statutes should be applied. Nevertheless, the trial court applied the H.B. 350 version of the statutes that existed at the time of the trial court's decision.
In applying the H.B. 350 version, the trial court held that appellant failed to establish any exception to the R.C.2744.02(A)(1) general grant of immunity. First, with respect to R.C. 2744.02(B)(4), the court held that the injury or death must have occurred within or on the grounds of the school buildings and that, because Christian was struck in the roadway, appellant failed to establish this exception. Second, with respect to R.C.2744.02(B)(3), the trial court held that it applied exclusively to negligence in the repair and in the failure to remove obstructions from public roads and that failure to maintain the playground was not included in the statute.
As evidenced above, H.B. 350 amended and altered the former versions of R.C. 2744.02(B)(3) and (4). R.C. 2744.02(B) (3), in particular, was, for appellant's purposes, significantly changed by omitting liability for appellee's failure to keep "public grounds within the political subdivisions * * * free from nuisance." Because the H.B. 350 version of R.C. 2744.02(B)(3) omitted this language and stated that liability could only attach as a result of a political subdivision's failure to remove obstructions from public roads, the trial court summarily held that R.C. 2744.02(B)(3) did not divest appellee of its R.C.2744.02(A)(1) immunity.
We find that this matter must be remanded to the trial court for a factual determination of whether appellee is entitled to immunity under the pre-H.B. 350 version of the applicable statutes. This is necessary, in this case, because (1) the H.B. 350 version of the applicable sections differed from the former version; (2) the H.B. 350 version applied by the trial court is unconstitutional; (3) the trial court has not yet considered the applicable statutory sections or made a factual determination as to whether a nuisance existed on appellee's property; and (4) as a reviewing court, we cannot make these determinations in the first instance.
Insofar as Sheward, supra, found H.B. 350 unconstitutional in toto, we find appellant's ninth assignment of error well-taken. We further find that Assignments of Error Nos. One through Seven are not properly before this court at this time because the trial court must first determine appellee's motion for summary judgment with respect to the applicable statutory sections. Accordingly, we find that Assignments of Error Nos. One through Seven are premature and, therefore, not well-taken.
Appellant additionally argued in her eighth assignment of error that the trial court erred in refusing to hold that R.C. Chapter 2744 was unconstitutional. Appellant does not specify in her response to appellee's motion for summary judgment, or her appellate brief, which version of R.C. Chapter 2744 she considers to be unconstitutional. Nevertheless, appellant's arguments are general enough that they could apply to either version of the political subdivision immunity statutes.
Appellant asserts that the provision of immunity to political subdivisions in R.C. Chapter 2744 is contrary to Section16, Article I, Ohio Constitution and the Fourteenth Amendment to the United States Constitution. The trial court overruled appellant's constitutional arguments on the basis that we had considered the entire chapter in Padilla v. YMCA ofSandusky Cty. (1992), 78 Ohio App.3d 676, but did not find that the political subdivision immunity act violated Section 16, Article I, Ohio Constitution.
On appeal, appellant argues that although Ohio courts have not found R.C. Chapter 2744 unconstitutional, "there is a clear contradiction between the provision of immunity in R.C. Chapter 2744 and the unequivocal constitutional guarantee of a right to sue the state in Section 16, Article I." Additionally, appellant asserted that "[t]here is also a clear contradiction between this immunity and the requirement in theFourteenth Amendment to the United States Constitution that, `[n]o State shall * * * deprive any person of life, liberty or property, without due process of law.'"
Section 16, Article I, Ohio Constitution provides:
 "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."
Contrary to appellant's assertions, we find that Section16, Article I, Ohio Constitution does not abolish sovereign immunity. Rather, "the clause permitting suits to be brought against the state is not self-executing, and * * * the state of Ohio is not subject to suits in tort without the consent of the General Assembly." Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,354. Further, in Fabrey, the court held that "at the time of the passage of the second paragraph of Section 16, Article I, the ability of citizens to sue the state was a proper subject for action by the General Assembly." Id. at 355. As such, the court found that R.C. 2744.02(B)(4) did not violate Section 16, Article I of the Ohio Constitution. Id. Additionally, we have already held that R.C. Chapter 2744 does not violate Section 16, Article I, Ohio Constitution. Padilla, 78 Ohio App.3d at 680. See, also, Perales v.City of Toledo (April 23, 1999), Lucas App. No. L-98-1397, unreported.
The first section of the Fourteenth Amendment to the United States Constitution states: "* * * No State shall * * * deprive any person of life, liberty, or property, without due process of law * * *." Appellant argued that the right of access to the courts is a fundamental right and that the immunity statutes limit this right. As such, appellant argued that this limitation is subject to strict judicial scrutiny. As to this case, appellant argued that there was no compelling reason to relieve the school from liability for its negligent act.
In Fabrey, the Ohio Supreme Court held that the right to sue the state is not fundamental and that the General Assembly has the power to define the contours of the state's liability within the constraints of equal protection and due process. Fabrey,70 Ohio St.3d at 355. "Federal due process is satisfied if there is a rational relationship between a statute and its purpose." Id.
at 354, citing, Martinez v. California (1980), 444 U.S. 277, 283. In Fabrey, the court held that "[a] primary purpose of R.C. Chapter 2744 is to preserve the fiscal resources of political subdivisions."Id. at 353, citing Menefee v. Queen City Metro (1990),49 Ohio St.3d 27, 29. The court further held that "the preservation of fiscal integrity is a valid state interest." Id., citing Shapirov. Thompson (1969), 394 U.S. 618, 633.
In this case, we find that R.C. Chapter 2744 satisfies federal due process because there is a rational relationship between granting public schools immunity under certain circumstances and the General Assembly's purpose to preserve the fiscal resources of the political subdivisions. Accordingly, we find that R.C. Chapter 2744 does not violate Section 1,Fourteenth Amendment, United States Constitution.
We therefore find that R.C. Chapter 2744 is not unconstitutional and, therefore, affirm the trial court's decision in this regard. As such, we find appellant's eighth assignment of error not well-taken.
On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to the trial court to apply the constitutional version of R.C. Chapter 2744 and redetermine appellee's motion for summary judgment. Appellee is ordered to pay the court costs of this appeal.
JUDGMENT REVERSED.
 ____________________________ Peter M. Handwork, J., JUDGE
 Melvin L. Resnick, J., Richard W. Knepper, P.J. JUDGES CONCUR.