[Cite as *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership,* 123 Ohio St.3d 278, 2009-Ohio-5030.]

OLIVER ET AL., APPELLEES, *v.* CLEVELAND INDIANS BASEBALL COMPANY LIMITED PARTNERSHIP ET AL.; CITY OF CLEVELAND, APPELLANT.

[Cite as *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership,*

123 Ohio St.3d 278, 2009-Ohio-5030.]

*Trials — Damages — R.C. 2744.05 — Cap on noneconomic compensatory damages in action against a political subdivision does not violate the right to a jury trial or the right to equal protection under the law.*

(No. 2008-1463 — Submitted June 16, 2009 — Decided October 1, 2009.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 89314, 89428, and 89463, 176 Ohio App.3d 410, 2008-Ohio-2183.

_____

SYLLABUS OF THE COURT

The limit on noneconomic compensatory damages in R.C. 2744.05(C)(1) does not violate the right to a jury trial or the right to equal protection under the law.

_____

MOYER, C.J.

I

{¶ 1} This case began with the detonation of an explosive device during a Cleveland Indians baseball game; the explosion injured four persons. Appellees Donald Krieger and Clifton Oliver were arrested at the stadium and were taken into police custody, along with a third person with whom they had attended the game, on suspicion of their involvement in the explosion.[1] While in custody,

_____

1. The third person is Andrew Mendez, who was subsequently convicted for detonating the device.

appellees suffered from poor conditions in the jail and harsh treatment by the jailers.

{¶ 2} Although a grand jury indicted appellees on several counts of aggravated arson and felonious assault, these charges were later dismissed by the Cuyahoga County Prosecuting Attorney. Appellees' arrests and detention adversely impacted their jobs and mental and physical health.

{¶ 3} Appellees successfully sued the city of Cleveland, appellant, for malicious prosecution, false arrest and imprisonment, and intentional infliction of emotional distress. The jury awarded each plaintiff $400,000 in compensatory damages and $600,000 in punitive damages. The trial court vacated the punitive-damages award as impermissible against the city. The trial court overruled the city's motion, which cited the damage caps in R.C. 2744.05(C)(1), to reduce the compensatory-damages award to $250,000 for each plaintiff. The court of appeals affirmed the award of compensatory damages, holding that R.C. 2744.05(C)(1) is unconstitutional because it violates a plaintiff's right to a jury trial and the Equal Protection Clause of the United States Constitution. *Krieger v. Cleveland Indians Baseball Co.*, 176 Ohio App.3d 410, 2008-Ohio-2183, 892 N.E.2d 461, ¶ 69.[2] For the reasons that follow, we reverse the judgment of the court of appeals and hold that R.C. 2744.05(C)(1) does not violate the constitutional right to a jury trial or the constitutional guarantees of equal protection.

## II

{¶ 4} R.C. 2744.05(C)(1) places a $250,000 limit on noneconomic compensatory damages (those damages that do not represent "actual loss" to an

---

2. In their memoranda to this court, appellees and their amicus have asserted that R.C. 2744.05(C)(1) is unconstitutional on due process grounds, yet this issue was not addressed by the court of appeals. This issue was not proposed in a proposition of law, nor have we accepted such a proposition of law. Accordingly, we decline to address the due process issue.

injured party) awarded against political subdivisions. The city of Cleveland argues that the limits should apply to reduce appellees' damage award because appellant is a political subdivision. The court of appeals did not analyze R.C. 2744.05(C)(1) but followed a previous decision of its court, *Gladon v. Greater Cleveland Regional Transit Auth.* (Mar. 10, 1994), Cuyahoga App. No. 64029, 1994 WL 78468,[3] in holding R.C. 2744.05(C)(1) to be unconstitutional. *Krieger*, 176 Ohio App.3d 410, 2008-Ohio-2183, 892 N.E.2d 461, at ¶ 68.

{¶ 5} The court of appeals did not consider the opinion of this court in *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420. In *Arbino*, we reviewed a statute similar to R.C. 2744.05(C)(1), but in a different chapter of the Revised Code, R.C. 2315.18. Id. at ¶ 4. Although the statute at issue differs from the statute in *Arbino* in that R.C. 2744.05 applies to damage awards against political subdivisions, not private litigants, the purpose and effect of the statute in *Arbino* and the statute in this case are the same—to limit compensatory-damage awards for noneconomic harm.[4]

---

3. Although we had accepted *Gladon* for review, we did not address the constitutionality of R.C. 2744.05(C), because we found a procedural error at trial and remanded the case, thereby avoiding an advisory opinion on the constitutional question. *Gladon v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St. 3d 312, 662 N.E.2d 287, fn. 1. In this case, the constitutional questions are ripe for review.

4. {¶ a} R.C. 2315.18(B)(2) reads:
   {¶ b} "[T]he amount of compensatory damages that represents damages for noneconomic loss that is recoverable in a tort action under this section to recover damages for injury or loss to person or property shall not exceed the greater of two hundred fifty thousand dollars or an amount that is equal to three times the economic loss, as determined by the trier of fact, of the plaintiff in that tort action to a maximum of three hundred fifty thousand dollars for each plaintiff in that tort action or a maximum of five hundred thousand dollars for each occurrence that is the basis of that tort action."
   {¶ c} R.C. 2744.05(C)(1) provides:
   {¶ d} "There shall not be any limitation on compensatory damages that represent the actual loss of the person who is awarded the damages. However * * * damages that arise from the same cause of action, transaction or occurrence, or series of transactions or occurrences and that do not represent the actual loss of the person who is awarded the damages shall not exceed two hundred fifty thousand dollars in favor of any one person."

{¶ 6} R.C. 2315.18(B) contains an exception to the limits on noneconomic damages for those persons who suffer "catastrophic injuries," see id. at ¶ 47, but R.C. 2744.05(C) does not. We find this difference between the statutes to be no obstacle to the application of the reasoning of *Arbino* to this case. The difference has no bearing on our analysis of the effect of R.C. 2744.05 on the constitutional right to a jury trial. Nor does this difference affect our rational-basis review of the statute for equal protection purposes, for the reasons explained below. Therefore, we will apply the reasoning of *Arbino* in this case.

### A. Right to trial by jury

{¶ 7} In *Arbino*, we considered the effect of the damage caps on the right to a jury trial. We founded our analysis on the principle that the fact-finding of a jury is inviolate for those causes for which the right is preserved. *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, at ¶ 35. The right ensures that a jury's fact-finding function is not invaded, ignored, or replaced. Id. at ¶ 37. But we noted that "the right to a trial by jury does not extend to the determination of questions of law." Id. Therefore, we reasoned that while a jury determines the amount of damages as a matter of fact, the actual award may be reduced by the application of a statute as a matter of law, akin to altering awards through remittiturs or statutory treble damages. Id. at ¶ 38-40. Thus, in *Arbino*, we held that the statutory limit on noneconomic damages in R.C. 2315.18(B)(2) is applied as a matter of law and does not intrude upon the fact-finding function of the jury. Id. at ¶ 40-42.

{¶ 8} Accordingly, *Arbino* stands for the proposition that a court does not usurp the role of the jury in contravention of Section 5, Article I of the Ohio Constitution or the Seventh Amendment to the United States Constitution when it applies a statutory limit on noneconomic damages to the facts found by the jury. Id. This proposition is true for R.C. 2744.05(C)(1) just as it was for the statute in *Arbino*. A court does not intrude into the jury's fact-finding when applying R.C.

2744.05; instead, the court applies the limit as a matter of law to the facts found by the jury. Therefore, the limit on noneconomic damages in R.C. 2744.05(C)(1) does not unconstitutionally restrict the right to a jury trial under Section 5, Article I of the Ohio Constitution or the Seventh Amendment to the United States Constitution.

### *B. Equal protection*

{¶ 9}   The Ohio and federal equal protection analysis applied in *Arbino* is applicable in this case as well. As in *Arbino*, there is no fundamental right or protected class at issue here, and R.C. 2744.05(C)(1) is facially neutral. 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 64-66. Therefore, we review the statute to determine whether it has a rational basis. Id. R.C. 2744.05(C)(1) will pass constitutional muster under the Ohio and United States Constitutions if it is rationally related to a legitimate government purpose. Id. at ¶ 66.

{¶ 10} We have upheld a different subsection of R.C. 2744.05 under the rational-basis standard in the equal protection context. *Menefee v. Queen City Metro* (1990), 49 Ohio St.3d 27, 29, 550 N.E.2d 181. We held that the "state has a valid interest in preserving the financial soundness of its political subdivisions." Id., citing *Shapiro v. Thompson* (1969), 394 U.S. 618, 633, 89 S.Ct. 1322, 22 L.Ed.2d 600. That same state interest supports R.C. 2744.05(C). A limit on the damages for which a political subdivision may be liable is rationally related to the purpose of preserving the financial integrity of political subdivisions. Therefore, R.C. 2744.05(C)(1) is rationally related to a legitimate government interest.

{¶ 11} Nevertheless, appellees argue that R.C. 2744.05(C)(1) should be considered unconstitutional under rational-basis review because the statute is arbitrary and unreasonable. This is so, according to appellees, because (1) the statute assigns a fixed measure of damages in all cases, thereby "impos[ing] the cost of the intended benefit to the public * * * upon those most severely injured," citing *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 59, citing

*Morris v. Savoy* (1991), 61 Ohio St.3d 684, 690-691, 576 N.E.2d 765, and *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 490, 715 N.E.2d 1062; and (2) the statute does not contain an exception for catastrophic injuries as does R.C. 2315.18(B). We find these arguments unpersuasive.

{¶ 12} As a preliminary matter, we note that appellees are making a facial challenge to R.C. 2744.05(C)(1), because they cannot claim that the lack of a catastrophic-injury exception in the statute impacts their lawsuit. The catastrophic-injury exception in R.C. 2315.18(B)(3) is for "(a) [p]ermanent and substantial physical deformity, loss of use of a limb, or loss of a bodily organ system; [or] (b) [p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." We find nothing in appellees' complaint or the record that would place their injuries in these categories. Therefore, their challenge in this regard must be viewed as a facial challenge.[5]

{¶ 13} In order for a statute to be facially unconstitutional, it must be unconstitutional in all applications. *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 26, citing *Harrold v. Collier*, 107 Ohio St.3d 44, 2005-Ohio-5334, 836 N.E.2d 1165, ¶ 37, and *United States v. Salerno* (1987), 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697. In *Arbino*, the statute capped noneconomic damages for those persons who were injured but whose injuries were not so serious as to be excluded from the caps under R.C. 2315.18(B)(3). Nevertheless, we held that the statute was neither unreasonable nor arbitrary. Id. at ¶ 61. Similarly, the damage limits for noneconomic harm in R.C. 2744.05(C)(1) are neither unreasonable nor arbitrary, at least with regard to

---

5. Notwithstanding this conclusion, we observe that the conduct of certain employees of the Cleveland Police Department and in particular defendant Peachman was reprehensible.

persons suffering noncatastrophic injuries. Therefore, the statute has at least some valid application and will survive the facial challenge.

{¶ 14} Moreover, we would not hold the statute unconstitutional if appellees had presented an as-applied challenge for arbitrariness. The cases relied upon by appellees—*Morris*, *Sheward*, and *Arbino*—are distinguishable from this case. While those cases suggest that it is arbitrary or unreasonable to impose an across-the-board limitation on noneconomic damages, those cases dealt only with lawsuits between private litigants.

{¶ 15} R.C. 2744.05(C), however, applies only to damage awards against political subdivisions. We have already held that the General Assembly could have prohibited *all* tort actions against political subdivisions. *Menefee*, 49 Ohio St.3d at 29, 550 N.E.2d 181. Therefore we cannot say that it is arbitrary or unreasonable for the General Assembly to allow *some* recovery in tort actions.

{¶ 16} Accordingly, we hold that R.C. 2744.05(C)(1) does not violate the constitutional guarantee of equal protection under the law.

### III

{¶ 17} We reverse the judgment of the court of appeals. The limit on noneconomic compensatory damages in R.C. 2744.05(C)(1) does not violate the right to a jury trial or the right to equal protection under the law.

{¶ 18} We are unable to apply the limit in R.C. 2744.05(C)(1) to the award based upon the record before us. Therefore, we remand the cause to the trial court for further proceedings consistent with this decision.

Judgment reversed

and cause remanded.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

O'DONNELL, J., dissents for the reasons stated in his dissenting opinion in *Arbino v. Johnson & Johnson.*

_____

**PFEIFER, J., dissenting.**

**Right to Trial by Jury**

{¶ 19} In *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, which also addressed whether a cap on compensatory damages violates the right to a jury trial, I dissented and wrote, " 'So long as the trial by jury is a part of our system of jurisprudence, its constitutional integrity and importance should be jealously safeguarded. The right of trial by jury should be as inviolate in the working of our courts as it is in the wording of our Constitutions.' *Gibbs v. Girard* (1913), 88 Ohio St. 34, 47, 102 N.E. 299. Instead of jealously safeguarding the right to trial by jury, the majority opinion in this case eviscerates it by holding constitutional a statute that enables courts to 'enter judgments in disregard of the jury's verdict.' *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 422, 633 N.E.2d 504. Instead of jealously safeguarding the right to trial by jury, the majority opinion [concludes] that juries can meaningfully determine only facts that do not conflict with predetermined assessments of the General Assembly. Instead of jealously safeguarding the right to trial by jury, the majority opinion 'cleans the scalpel for the legislature to cut away unrestrainedly at the whole field of tort redress.' *Meech v. Hillhaven W., Inc.* (1989), 238 Mont. 21, 52, 776 P.2d 488 (Sheehy, J., dissenting)." *Arbino* at ¶ 163. Today the majority opinion allows the cutting to continue.

{¶ 20} Once again, a majority of this court concludes that a statute may amend an inviolate constitutional right, even though we have previously stated that "[t]he right of trial by jury, being guaranteed to all our citizens by the Constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree." *Gibbs*, 88 Ohio St. 34, 102 N.E. 299, at paragraph two of the syllabus. See Section 5, Article I, Ohio Constitution ("The right of trial by jury shall be inviolate * * *"). Once again, a majority of this court suggests that a

8

cap on damages is nothing more than remittitur and ignores that "the sole reason remittitur does not violate the right to a trial by jury is that remittitur cannot be granted without the consent of the prevailing party." *Arbino*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420 (Pfeifer, J., dissenting), citing *Wightman v. Consol. Rail Corp.* (1999), 86 Ohio St.3d 431, 444, 715 N.E.2d 546. Once again, a majority of this court illogically suggests that because "the treble-damages provisions of R.C. 901.51, 1331.08, 1345.09, 2307.61, 2923.34(E), and 4905.61, which increase a jury award, have never been held to infringe the right to a trial by jury, [then decreasing] a jury award, 'cannot logically violate that right.' " Id.

**{¶ 21}** And once again, I state that "a statute that authorizes a judge to ignore or change factual findings deprives litigants 'of the benefits of Trial by Jury' and must be declared unconstitutional." Id. at ¶ 169. R.C. 2744.05(C)(1) unconstitutionally invades the province of the jury by replacing a damages award determined by a jury with a predetermined cap imposed by the General Assembly. I would affirm the judgment of the court of appeals on this issue.

## Equal Protection

**{¶ 22}** The majority opinion states that "[t]he Ohio and federal equal protection analysis applied in *Arbino* is applicable in this case as well." This conclusion ignores one basic fact: in the *Arbino* case, the majority opinion was working with findings of fact supplied by the General Assembly, whereas in this case, the General Assembly did not issue findings of facts. Instead, the majority opinion supplied its own single finding of fact and did so without commenting on the lack of legislative findings of fact or the creation of its own judicial finding of fact. Applying the equal protection analysis in the *Arbino* case to this case is unreasonable given the lack of legislative findings of fact in this case.

**{¶ 23}** I would affirm the judgment of the court of appeals because the caps imposed by R.C. 2744.05(C)(1) violate the right to trial by jury. I dissent.

_____

James Burke Jr., John J. Chambers, and Sean P. Allan, for appellee Clifton Oliver.

John J. Spellacy and Sean P. Allan, for appellee Donald Krieger.

Robert J. Triozzi, Director of Law, Joseph F. Scott, Chief Assistant Director of Law, and Jerome A. Payne Jr., Assistant Director of Law, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and David M. Lieberman, Deputy Solicitor, urging reversal for amicus curiae state of Ohio.

Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association of Justice.

_____