[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The plaintiff-appellant Metro,[2] Southwest Ohio Regional Transit Authority ("SORTA") appeals from the trial court's judgment of March 27, 2001, dismissing SORTA's petition for appropriation. The dismissal followed a hearing held pursuant to R.C. 163.08 and 163.09, and the court's reasoning was set forth in an opinion, incorporated by reference into the judgment.
SORTA raises four assignments of error: (1) the trial court erred by finding that the proposed appropriation was unnecessary; (2) the court's conclusion that SORTA had not attempted to agree with the defendants on the purchase of the properties was not supported by the evidence; (3) the court erred in concluding that the property owners were denied due process of law; and (4) the court erred in not finding for SORTA on the basis of the defective answers to the petition for appropriation.
As the second and third assignments of error are related and are dispositive of the appeal, we address them together. SORTA's petition alleged that the appropriation of the property was a necessity for a proposed transit plaza and that negotiations had not produced an agreement with the defendants on the price to be paid for the property. Josephine Capozollo, Capozzolo Printers, Inc., and Samuel Capozzolo filed an answer and advanced a counterclaim contending that they suffered a deprivation of "their constitutional and statutory rights with respect to the appropriation of their real property," and that SORTA had "denied Defendants the equal protection of the laws and due process of law."
We affirm the trial court's dismissal of SORTA's petition for appropriation, but for only one of the grounds set forth in its opinion: the failure to negotiate with the property owners.
An agency may commence appropriation proceedings by filing a petition for appropriation, pursuant to R.C. 163.05, but only after it has met the requirements of R.C. 163.04, which mandates the following:
 Appropriations shall be made only after the agency is unable to agree, for any reason, with the owner, * * * or is unknown, or is not a resident of this state, or his residence is unknown to the agency and cannot with reasonable diligence be ascertained.
 SORTA did not meet the requirements of R.C. 163.04
prior to filing its petition for appropriation. Its offer letter, which was written by Mr. Carl L. Palmer, Director of Development of SORTA, was not addressed to the owner of the property. The addressee, Mr. Samuel Capozzolo, not being the owner of record, had no authority to accept or to counter any offer made by SORTA. Palmer testified that he knew that Capozzolo was not the property owner upon receipt of a property appraisal, but that he nevertheless transmitted the offer to Capozzolo, who was not even asked to sign in a representative capacity. Palmer's letter stated that two appraisals supported the $190,000 offer, arrived at by "both appraisers," but neither appraisal was sent with the offer. The record transmitted to this court contains no copy of either appraisal, and we cannot determine who the qualified appraisers were or the dates on which the appraisals were performed. Palmer did tour the property, but not for the purpose of preparing a formal appraisal, and the record shows that none of the Capozzolo group recalled visits by appraisers in connection with the $190,000 offer. In terms of any discussions about a purchase price, Palmer could only say that Samuel Capozzolo had asked him "what I thought he could get for it," and that he had concluded from Capozzolo's inquiring whether "he could get the amount of six or seven-hundred thousand" that the property was for sale, despite his awareness that, at the time of the offer, the property had not been listed for sale and that there was no "for sale" sign on the property.
During the proceedings below, after an objection was made while Samuel Capozzolo was testifying on cross-examination, the trial court observed, "He's already answered. They never negotiated at all with them. That's his answer." We agree with the trial court's assessment. An appellate court may not reverse a judgment that is supported by some competent, credible evidence going to all the essential elements of the case or defense.[3] According to this record, there was competent, credible evidence to support the trial court's conclusion that there had been no negotiations with the property owners.
Having held that SORTA failed to satisfy a condition precedent to its right of appropriation, the trial court should have dismissed the petition.[4] Thus, we vacate the remainder of the trial court's opinion as surplusage.
The Capozzolos contend that the displaced-persons statutory provision of R.C. 163.59(A) supports the dismissal of SORTA's petition. But application of the displaced persons statutory provisions would be premature based on the record before us. Although Palmer stated that the proposed project would involve the complete demolition of all structures on the property, the Capozzolos and other tenants on the property do not yet meet the definition of displaced persons.[5] So, we need not decide now whether SORTA would satisfy the displacing agency definition.[6]
But we view with skepticism SORTA's contention that it is not such an agency. Certainly SORTA has the ability to exercise the power of eminent domain to acquire property,[7] is an agency created pursuant to state statute and has already stipulated once before the Ohio Supreme Court that it is a political subdivision of the state of Ohio.[8] Palmer testified that one of the funding sources for the proposed transit plaza project was the Federal Transit Administration.[9]
For the foregoing reasons, we overrule SORTA's second and third assignments of error and uphold the trial court's dismissal of its appropriation petition. We need not address the first and fourth assignments of error, which are rendered moot by our holding that the requirements of R.C. 163.04 were not met prior to the filing of SORTA's petition for appropriation.
Therefore, the judgment of the trial court is affirmed, as modified. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[2] See Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27,550 N.E.2d 181, syllabus (stipulation by the parties that Queen City Metro is a registered trade name of SORTA).
[3] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
[4] See R.C. 163.04.
[5] See R.C. 163.51(E).
[6] See R.C. 163.51(B) (any state agency or person carrying out a program or project with federal assistance, * * * that causes a person to be a displaced person).
[7] See R.C. 306.35(K).
[8] See Menefee v. Queen City Metro, supra, at 27,550 N.E.2d at 181, syllabus.
[9] See R.C. 306.35(R) (may apply for and accept grants or loans from the United States * * * *).